The Town of Laurel *v.* Blue.

---

Filed April 14, 1891.

———————◆———————

No. 91.

## THE TOWN OF LAUREL *v.* BLUE.

MUNICIPAL CORPORATION.—*Illegal Arrest by Town Marshal.—Liability of Town.*—A municipal corporation is not liable for an illegal arrest by its marshal made without a warrant, and under an invalid ordinance.

From the Franklin Circuit Court.

*S. E. Urmston* and *I. Carter,* for appellant.

*F. A. Alexander,* for appellee.

CRUMPACKER, J.—William R. Blue sued the town of Laurel for damages resulting from false imprisonment.

The complaint states that in July, 1887, one Burris was the marshal of the town of Laurel, and as such officer he wrongfully and unlawfully arrested the appellee without a warrant and under the provisions of an ordinance theretofore adopted by the town trustees, but which was wholly without authority and void; that said marshal took the appellee in custody and wrongfully and unlawfully restrained him of his liberty for a long space of time, much to his disgrace and humiliation, whereby he was damaged.

The Town of Laurel *v.* Blue.

Two paragraphs of complaint were filed, and both proceed upon the general theory that the town corporation was responsible for the tortious act of the marshal in arresting the appellee.

The ordinance under which the arrest is alleged to have been made is set out in the complaint. It provides that whoever, being in a condition of intoxication, shall stagger, reel or lie down upon any street or alley in the town of Laurel, shall, upon conviction, be fined not more than ten nor less than five dollars.

A demurrer was filed to the complaint, and overruled, and the appellant excepted.

The cause was put at issue and tried by a jury. A verdict was returned in favor of the appellee, and judgment entered upon the verdict.

A motion for a new trial was filed by the appellant, and overruled.

Errors are assigned properly presenting for decision the ruling of the trial court upon the demurrer to the complaint and the motion for a new trial.

The controlling question in this case is, can the town of Laurel be held responsible for an unlawful arrest by its marshal, under an invalid ordinance and without a warrant?

The question of the responsibility of a municipality for the tortious act of one of its officers must depend for its solution upon the character of the act the officer was engaged in at the time of the commission of the tort. Cities and towns incorporated under the laws of this State have two general classes of functions, which may be denominated governmental and domestic, or corporate.

All laws and ordinances intended to secure the peace and good order, or to preserve the health and morals, of the public, are in the nature of police regulations, and are essentially governmental in their character. Their enactment and enforcement are functions of the sovereignty, and they are de-

signed for the benefit of the public, as distinguished from the municipality.

In the distribution of the powers of government the Legislature has made municipal corporations special public agents, and delegated them with authority to a limited extent, to enact and enforce certain prescribed police regulations within their respective localities. And in the execution of such laws the officers of the corporation discharge duties for the public rather than the corporation, and this is true whether the laws were enacted by the State or by the corporate authorities. Any officer of a municipal corporation, whose duty, in whole or in part, is to enforce observance to such laws or ordinances, while so engaged is acting for the public, and is not the agent of the municipality in its domestic or corporate character.

The duties of the office of town marshal are both public and corporate. This office is created by the Legislature, and the incumbent must be selected in the manner and for the term prescribed by legislative enactment. The marshal of the town of Laurel was attempting to execute a public duty at the time of the commission of the *tort* complained of in this case, and for this the town can not be held responsible.

In the case of *City of Lafayette* v. *Timberlake*, 88 Ind. 330, in discussing a similar question, ELLIOTT, J., said: " Officers appointed to execute the laws and ordinances are not agents engaged in corporate duties, but are public officers appointed at the command of the Legislature by the corporate authorities. There is no more reason for holding cities responsible for the wrongs of police officers than there is for holding counties or townships responsible for the *torts* of sheriffs and constables."

Judge Dillon, in his work on Municipal Corporations (4th ed., sec. 975), declares that "Agreeably to the principles just mentioned, *police officers appointed by a city are not its agents or servants*, so as to render it responsible for their un-

lawful or negligent acts in the discharge of their duties; and, accordingly, a city is not liable for an *assault and battery* committed by its police officers, though done in an attempt to enforce an ordinance of the city; nor for *an arrest* made by them which is illegal for want of a warrant." See, also, upon the same subject, *Faulkner* v. *City of Aurora,* 85 Ind. 130; *City of Anderson* v. *East,* 117 Ind. 126.

We have no hesitancy in declaring that the town of Laurel can not be held responsible for the alleged *tort* of its marshal in making the arrest mentioned in the complaint, and that the demurrer to the complaint ought to have been sustained.

We intimate no opinion upon the validity of the ordinance set out in the complaint, as our conclusion upon the other questions renders it unnecessary.

The judgment is reversed with costs, with instructions to the trial court to sustain the demurrer to the complaint, and proceed further in accordance with this opinion.

