City of Caldwell v. Prunelle.

---

THE CITY OF CALDWELL v. H. J. PRUNELLE.

No. 9083.

1. LICENSE TAX—*city may require larger of itinerant than of resident.*   A city of the second class may impose a license tax on photographers; and the fact that a larger tax is required from a traveling or non-resident photographer than from a resident regularly engaged in the business does not render the ordinance invalid.

2. CITIES — *not liable for acts of officers under invalid ordinance.* Cities are not liable in an action for false imprisonment for the acts of their officers while enforcing invalid ordinances or for other illegal or unauthorized acts.

3. ———— *nor in enforcing police regulation.*   Nor is a city liable for the manner in which its officers exercise their powers and perform their duties in the enforcement of a police regulation.

*Error from Sumner District Court.*
*Hon. James A. Ray, Judge.*

REVERSED AND REMANDED.      OPINION FILED DECEMBER 5, 1896.

*James Lawrence,* for plaintiff in error.
*Haughey & McBride,* for defendant in error.

JOHNSTON, J.   This was an action for false imprisonment, brought by H. J. Prunelle against the City of Caldwell, in which he alleged that he was a traveling photographer, and undertook to do business in Caldwell.   Under an ordinance of that city a demand was made that he should pay a license tax of $5 per day, which he refused to do, but offered to pay the occupation tax imposed on resident photographers, which was $10 per year.   Upon his refusal to make the required payment he was arrested by the City Marshal, taken before the Police Judge, and, after a trial, was adjudged to pay a fine of $5 and costs and stand committed to jail until payment was made. Upon refusal to pay the fine and costs, he was committed to the city prison and held there for seven days, when a writ of *habeas corpus* was sued out, under which, although it was resisted by the attorneys and officers of the City, he was discharged.   A demurrer to the petition was overruled by the Court, and the City elected to stand upon the demurrer and presents the case for review.

Caldwell is a city of the second class; and such cities are expressly empowered to levy and collect license taxes upon occupations, and among others photographers are named in the statute.   ¶ 804, Gen. Stat. 1889.   The fact that a larger tax is levied upon the transient and traveling photographers than upon

those resident in the city will not invalidate the ordinance. *Fretwell v. City of Troy*, 18 Kan. 271; *Tulloss v. City of Sedan*, 31 id. 165; *City of Cherokee v. Fox*, 34 id. 16. It is not alleged that Prunelle was a citizen of a state other than Kansas, and hence no question arises as to the distinction between residents and nonresidents being in violation of the Federal Constitution. If the ordinance was invalid it would not aid the plaintiff below. It is well settled that cities are not liable in an action for false imprisonment for the acts of their officers while enforcing invalid ordinances, or for other illegal or unauthorized acts. The provision in question is a police regulation, and the officers in enforcing the same were exercising a public and governmental function. For the manner in which they exercise their powers and duties in this respect the city is not liable. *Peters v. City of Lindsborg*, 40 Kan. 654, and cases cited; see, also, *Trescott v. City of Waterloo*, 26 Fed. Rep. 592; *Ball v. Town of Woodbine*, 61 Iowa, 83; *Grumbine v. Mayor, etc.*, 2 McA. 578.

The petition failed to state a cause of action against the City, and hence the judgment of the District Court will be reversed, and the cause remanded with direction to sustain the demurrer thereto.

All the Justices concurring.