## WM. F. CARTER *vs.* THE COUNTY COMMISSION-ERS OF WORCESTER COUNTY.

*Municipal Corporation not Liable in Action for False Imprisonment for Tort of its Agent.*

A county road supervisor caused the plaintiff to be arrested for refusal to work on the county roads or to pay a certain sum in lieu thereof and the plaintiff was imprisoned for non-payment of the fine imposed by the justice of the peace before whom he was brought. The statute under which this proceeding was taken had been passed by the Legislature but was not yet in force. In an action for false imprisonment against the County Commissioners, *held*, that the defendants are not liable because, although the road supervisor was appointed by them and acted generally under their control, yet in this instance the defendants neither authorized before nor ratified afterwards the action of the supervisor in

causing the arrest of the plaintiff, and there is no statute imposing upon the defendants, as a municipal corporation, liability for the torts of their agents.

Appeal from the Circuit Court for Worcester County (HOL-LAND and LLOYD, JJ.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PEARCE, SCHMUCKER and JONES, JJ.

*Jno. H. Handy* (with whom was *C. O. Melvin* on the brief), for the appellant.

*E. Stanley Toadvin* and *Wm. F. Johnson* (with whom were *G. W. Bell* and *C. J. Purnell* on the brief), for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

The appellant, as plaintiff below, sued the appellees, as defendants, in trespass for false imprisonment. The defendants filed the general issue plea and the case came to a hearing in due course. At the trial below the Court granted the defendants' prayer, offered at the close of the plaintiff's evidence, taking the case from the jury on the ground that the plaintiff was not entitled to recover on the pleadings and evidence. The plaintiff excepted to this action of the Court and the verdict and judgment being against him he took the present appeal.

Chapter 498 of the Acts of 1898 which was approved on April 9th, 1898, re-enacted the road law of Worcester County. The portion of the Act material to this controversy required each male inhabitant of the county, between certain ages which included the age of the appellant, to labor, in person or by a substitute furnished by him, for not exceeding two days in every year on the public roads of the district in which he resided, when summoned by the road supervisor to do so ; and it imposed a penalty of seventy-five cents per day for a refusal to comply with the summons of the supervisor. The Act further provided that any one thus liable to labor on the roads who should fail or refuse to obey the summons of the

supervisor and to pay the seventy-five cents per day, for not exceeding two days, on demand to the supervisor should be deemed guilty of a misdemeanor, and, upon conviction thereof before a justice of the peace on complaint of the supervisor, should be fined the amount which he had thus refused to pay with costs and should be committed to jail until the fine and costs be paid; provided that he should not be detained in jail more than ten days for any one offense. The Act contained no provision stating when it should go into effect and therefore it did not become operative until June 1st, 1898.

It appears from the record that on May 5th, 1898, E. H. Taylor, one of the County Commissioners, wrote to Burton Hill, who was the road supervisor for the 8th District in which the appellant resided, as follows: "*Dear sir: Considerable complaint about Bennett Mill Road. Go tomorrow and warn your men on, and work on Thursday. Mr. Tarr will fix 2 bad places tomorrow and you can work the balance Thursday.*" Burton thereupon sent to the appellant a written notice as follows: "*To Mr. Wm. F. Carter: You are hereby notified to meet me at Bennett's Mill at the hour of 7 o'clock A. M. on Thursday 5–19–1898 to work on the public roads of District No. 8. Bring shovel or spade. F. B. Hill, Supervisor.*" Upon this notice appeared the memorandum: "If you do not care to come yourself send a man, or pay the above-named supervisor 75 cents for said days work, in accordance with the public road law for Worcester County passed by the Legislature of 1898."

The appellant after receiving this notice stated to Hill, the supervisor, that the law under which the latter professed to act had not yet gone into effect and refused to comply with the demand contained in the notice. Hill thereupon on the day following the one on which the notice required the appellant to work on the roads, laid information against him before a justice of the peace who issued a warrant for his arrest and after a hearing found him guilty of failing to comply with the supervisor's notice and fined him seventy-five cents and

costs, and in default of payment thereof committed him to jail for nine days, but ordered his release from jail in three days thereafter.

The only evidence in the record tending in any manner to connect the appellees with the arrest and imprisonment of the appellant is the testimony of the supervisor, Hill, at the trial in the Circuit Court. His entire testimony as stated in the record is "that he acted under instructions from the defendants in requiring the plaintiff to work on the road and in his proceedings was acting on the instructions given him by the clerk of the defendants, viz: *the blank notices report and printed law. That he had no other instructions and had no specific instructions to cause the arrest of the plaintiff*, but acted under the provisions of the law furnished him as aforesaid." The record contains a copy of the blank report furnished by the clerk of the Commissioners to the supervisor. It is simply a ruled blank with appropriate spaces in which the supervisor is expected to enter the details of the work done on roads, and it contains no suggestion as to the enforcement of the law against parties refusing to obey the notice to perform labor on the roads.

In our opinion the learned Judges below properly took this case away from the jury. The record entirely fails to connect the appellees with the arrest and imprisonment of the appellant or to show that they procured or instigated it or were aware of its occurrence. No action of the Board of Commissioners, in reference to him or to his refusal to go to work when notified so to do, is shown to have taken place. The clerk of the Commissioners it is true furnished Hill, the supervisor, with a copy of the road law of 1898, and blank reports to be filled up by him as to the character, extent and location of such work as might be done under his supervision and also with blank notices to be used in procuring men to do the work, but there is no evidence that the appellees or even their clerk knew that the appellant was to be notified to work upon the roads.

The only theory upon which the appellees could have been

held liable to the appellant in the present action was either that such liability arose from the general charge and control over county roads imposed upon them as a duty by the Code, or that their legal relation to and authority over the road supervisor made them responsible for his acts in the same manner that a principal is liable for the transactions of his agent. On one or both of these grounds County Commissioners have repeatedly been held by this Court to be liable as municipal corporations in damages for injuries to persons or property, caused by the defective or unsafe condition of a public road even though that condition of the road was primarily due to the negligence of the supervisor having it under his charge. *County Commrs.* v. *Duckett*, 20 Md. 468; *County Commrs.* v. *Gibson*, 36 Md. 229; *County Commrs.* v. *Baker*, 44 Md. 8; *County Commrs.* v. *Duval*, 54 Md. 335.

In the present suit no such liability, as that which was upheld in the cases cited, is sought to be enforced. Here it is not attempted to hold the appellees liable for the negligence of the supervisor in failing to keep in proper order the roads for whose condition the law made both him and the Commissioners, under whose direction he was placed, responsible. The object of this suit is to hold the appellees and through them the public funds of the county responsible for the *tortious* and *unlawful act* of the supervisor in procuring the imprisonment of the appellant.

Even in the case of private corporations, where the relation of principal and agent exists in a strict sense between the company and its officers and agents, it has been held by this Court after a full consideration of the principles involved, that before a corporation can be held liable for the *wrongful or malicious act* of its agent or servant in putting the criminal law into operation, against a party charged with a crime or misdemeanor in reference to the property in charge of such agent or servant, it should be made to appear that he was expressly authorized by the corporation to act as he did or that his conduct was afterwards ratified or sanctioned by it. *Carter* v. *Howe Machine Co.*, 51 Md. 290; *Central R. R. Co.* v. *Brewer*, 78

Md. 401; *Tolchester Beach Co.* v. *Steimeir,* 72 Md. 313; *Turnpike Road Co.* v. *Green,* 86 Md. 167.

It has been uniformly held that municipal corporations such as cities or counties are not liable for the torts of their officers or agents in the absence of a statute creating such a liability either expressly or by necessary implication. It was so held in the following cases where the alleged wrongful act of the agent consisted in making or instigating the arrest or imprisonment of the plaintiff. *Perley* v. *Georgetown,* 73 Mass. 464; *Liberty* v. *Hurd,* 74 Me. 101; *Trustees* v. *Schroeder,* 58 Ill. 355; *Calwell* v. *City of Boone,* 51 Iowa, 687; *Stewart* v. *New Orleans,* 9 La. Ann. 462; *Cook* v. *Macon,* 54 Ga. 468; *Town of Laurel* v. *Blue,* 1 Ind. App. 130; *City of Caldwell* v. *Prunelle,* 57 Kan. 513, and *Bartlett* v. *Columbus,* 44 L. R. A. 795, where will be found copious notes reviewing the authorities upon this subject.

The ground upon which the Courts have held public corporations to be exempt from liability for false imprisonment or other punitive measures procured or set in motion by their agents has generally been that in such instances the act is presumed to be done for the purpose of vindicating justice and promoting the public welfare, and the corporation derives no special advantage or emolument from the transaction. The distinction between acts thus done by or on behalf of the corporation and those done in the exercise of the franchises which belong to it for its own advantage is clearly recognized in *County Commrs.* v. *Duckett, supra,* and *Carter* v. *Howe Machine Co., supra,* as well as in many of the cases which we have cited from the Courts of other States.

The present case falls plainly within the rulings of the authorities which we have cited. The appellees neither authorized nor ratified the action of the supervisor in procuring the arrest and imprisonment of the appellant and there is no statute imposing upon them a liability for acts of that character done by road supervisors. The plaintiff's evidence as appearing in the record would therefore have afforded no legally sufficient ground under the pleadings in the case to support a verdict against the defendants.

The judgment appealed from is affirmed with costs.

*Judgment affirmed.*

(Decided March 6th, 1902.)