## ELIZA FOWLER v. THE CITY OF KANSAS CITY.

### No. 12,088.   (68 Pac. 33.)

#### SYLLABUS BY THE COURT.

CITIES AND CITY OFFICERS — *Wrongful Acts by Officers — Insufficient Petition.* In an action to recover against a city for the wrongful acts of its officers a petition which states that the acts complained of were done by such officers and while they were acting as such officers does not state a cause of action against such city, it not appearing therein that the act complained of was done by the authority of the city, or in the performrnce of some official act authorized and directed by the city.

Error from Wyandotte district court: E. L. FISCHER, judge. Opinion filed March 8, 1902. Affirmed.

*Winfield Freeman*, for plaintiff in error.

*T. A. Pollock*, city counselor, and *M. J. Reitz*, city attorney, for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J. : The questions presented in this case arise out of the sustaining of a demurrer by the court below to the petition of the plaintiff in error. The petition alleged that the city of Kansas City was a municipal corporation ; that plaintiff was the owner of a house and frame stable at No. 832 Jersey avenue, within that city, in which, on the 6th day of June, 1899, was a large quantity of valuable furniture, clothing and household goods belonging to her ; and it further alleged :

"That the said defendant city on the said day, June 6, 1899, without legal authority and without instituting any condemnation proceedings, without any notice to the plaintiff and without her consent or knowledge, and in her absence from said premises, by its officers and agents and servants entered upon the said premises and set fire to and completely destroyed all of the buildings and personal property thereon ; that one Dr. F. P. Clark was duly appointed by the mayor and council of the said defendant city as city physician and health officer, and at said date was acting as such, and in that capacity recommended to the health committee that the buildings at and personal property at No. 832 Jersey avenue could not be properly fumigated, and as such health officer advised said health committee that the building and personal property on said premises be removed and burned ; that said health committee was composed of divers members of the city council of said defendant city . . . who were duly appointed and authorized and acting as such health committee at the said date, and said plaintiff says that the health committee, with one Larkin H. Norman, chief of the fire department of the said defendant city, and acting on the advice of the said Clark as such health officer, and upon the advice of one Thos. A. Pollock, city counselor of the defendant city, wrongfully and unlawfully entered upon the

premises of the plaintiff, on said 6th day of June, 1899, and took possession thereof for and on the part of the said defendant city, without condemnation proceedings and without the consent of the plaintiff, and carried away a large amount of the personal property belonging to the said plaintiff and permanently deprived her of the use and enjoyment of same, and also set fire to and destroyed the buildings upon the said premises and all of the personal property left thereon.''

The above are all the vital allegations of plaintiff's petition. Do they allege a cause of action against the city? The court below held not, and we are constrained to affirm that holding.

It will be noted that, while there are general allegations that these acts were done by the city, the detailed statement shows what the facts were, and how and by whom the wrongful acts were accomplished. Doctor Clark, who was city physician, advised the health committee that the property be destroyed, and the health committee, with Norman, chief of the fire department, acting upon the advice of the health officer and the city counselor, did the acts complained of. This detailed statement does not bear out the allegations that the city itself did these acts. It is not alleged in the petition that any of these acts of the health officer, or health committee, or chief of the fire department, or of said city council were ordered or approved by the city council. It does not show that there was any general or special authority from the city council to destroy any property whatever. It does not show that these officers, or any of them, had been authorized, or in any way empowered, to do these acts by the authority of the city. The mere fact that these gentlemen who destroyed plaintiff's property were city officers of various grades and kinds does not necessarily, or even inferentially, make such

city liable for their wrongful acts.   Neither the allegation that Clark had been appointed city physician and health officer, and was at the time acting as such, nor that the health committee of the council were acting as such health committee at said date, is an allegation that the wrongful act complained of was the act of the city.   A municipal corporation does not become liable for the torts of its officer simply because he holds such office, or is acting as such officer.   To bind the city, the act must have been done by the authority of the city, or at least, in the performance of some official act under the authority of the city.   No such authority is here pleaded.   The petition presents no different phase than it would have presented had the allegation been that Doctor Clark, city physician and health officer, while acting in such capacity, had assaulted and beaten the plaintiff on the street.   (*Peters v. City of Lindsborg*, 40 Kan. 654, 20 Pac. 490; *City of Caldwell v. Prunelle*, 57 id. 511, 46 Pac. 949.)

In *City of San Antonio v. White*, 57 S. W. (Tex.) 858, where the mayor, police force, and city physician seized a hotel and quarantined yellow-fever suspects therein, it was held that the city was not liable for these acts of its officers, where such acts were not authorized or ratified by the city council.   In this case the following language was used:

"A fact that is essential to the city's liability in cases of this kind is wanting, viz., the fact that the city was, or has made itself, a party to the trespass. There is absolutely no evidence from which it can be found that the city directed or has ratified the proceedings.   A city is not liable for acts of its health officers, or for malfeasance and misfeasance in the line of their public duties.   . . .   We are of the opinion that at least without some testimony connecting the corporation with the transaction complained of, either

by showing its previous direction, or participation therein, or ratification, there is no basis for any claim or liability against it.''

We presume, from the brief of plaintiff in error, that the question sought to be raised by the petition was whether the city might summarily, and without investigation or condemnation, destroy private property for the purpose of protecting the public health, without being liable to the owner of such property for the value thereof, but we do not think that the petition presents this question.

The judgment of the court below will be affirmed.

SMITH, GREENE, JJ., concurring.