FRANKS v. HOLLY GROVE.

Opinion delivered January 10, 1910.

MUNICIPAL CORPORATIONS—LIABILITY FOR ACTS OF OFFICERS.—Municipal corporations are not liable for the wrongful acts of their officers in enforcing void ordinances.

Appeal from Monroe Circuit Court; *Eugene Lankford,* Judge; affirmed.

*Manning & Emerson,* for appellant.

The ordinance was void because in conflict. Sec. 1553, Kirby's Dig. A town cannot pass an ordinance in conflict with the general law of the State. Art. 12, sec. 4, Const. 1874. The city is unquestionably liable for negligence of its officers and agents which results in injury to persons. 90 Minn. 158; 95 N. W. 908; 91 U. S. 540; L. R. 1 H. L. Cas. (N. S.) 93; 2 Cl. & F. 331; L. R. 1 Eng. & Ir. App. 93; 1 Hurl. & N. 439; 11 Ad. & Ell. 223; 37 Eng. L. & Eq. 495; 1 Black, 39; 66 U. S. 52; 2 Black, 590; 4 Wall. 658; 37 N. Y. 568; 45 N. Y. 129; 3 N. Y. 463; 16 N. Y. 158; 36 N. Y. 54; 17 Ill. 143; 25 Ill. 535; 49 Ill. 476; 34 Conn. 1; 9 Ired. 73; 20 Md. 468; 22 Pa. St. 54; *Id.* 388; 24 Wis. 270 and 342; 17 Gratt. 241 and 375; 15 O. St. 476; 12 *Id.* 377; 51 Ala. 139; 202 Ill. 545; 67 N. E. 386; 9 Ia. 461; 1 Kan. 544; 27 La. Ann. 162; 71 Me. 267; 36 Am. R. 308; 50 Md. 138; 131 Mass. 23; 41 Am. R. 185; 5 N. Y. 369; 55 Am. Dec. 347; 41 O. St. 149; 9 Hump. 756; 20 Ga. 635; 19 N. W. 114; 14 Fed. 567; 2 Pac. 685; 16 Kan. 358; 9 S. W. 884; 86 N. E. 757; 106 Minn. 94; 118 N. W. 259; 132 Mo. 287; 111 S. W. 878; 35 Mont. 161; 88 Pac. 789; 81 N. E. 268.

*Thomas & Lee,* for appellee.

Towns and cities are not liable for the acts or omissions of their officers or agents while acting in their public or governmental capacity. 73 Ark. 447; 34 Ark. 105; 73 Ark. 519; 78 Vt. 104; 56 Vt. 228; 70 Vt. 308; 40 Atl. 829; 61 Ark. 494; 115 Mich. 275; 72 Wis. 289; 61 Wis. 31; 96 N. C. 293; 65 Vt. 247; 27 Ark. 572; 49 Ark. 139; 52 Ark. 84. No such action lies unless given by statute. 9 Mass. 250; 17 Johns. 439; 12 La. 858; 1 Gill. 567; 8 Barb. 645; 21 Cal. 426; 11 N. Y. 392.

WOOD, J. This appeal is to determine whether an incorporated town is liable in damages for the acts of its mayor and marshal in enforcing by unlawful imprisonment a void ordinance of the town making it a misdemeanor for persons fifteen years of age and under to get on or off any moving trains within the corporate limits such persons not being passengers. What these officers did in connection with the arrest, conviction and imprisonment of appellant was in their capacity as public offi-

cers. They acted without malice toward appellant. Although the ordinance was illegal and void as to minors under the age of twelve years, still the appellee is not liable for the acts of its officers in seeking to enforce it, for the reason that the officers were acting in a public and governmental capacity. The functions they performed were of a public, not private, nature. 28 Cyc. 1257. As early as the case of *Trammell* v. *Russellville,* 34 Ark. 105, we held: "For acts done by them in their public capacity, and in discharge of their duties to the public, cities and towns incur no liability to persons who may be injured by them. Neither for the act of the council in passing an illegal ordinance, nor for that of the mayor in issuing a warrant of arrest for the violation, nor for that of the marshal in arresting the offender under it, is a town liable to him." And as late as *Collier* v. *Fort Smith,* 73 Ark. 447, we said: "Towns and cities are not answerable for the acts or omissions of their officers or agents while acting for the State or sovereign in public or governmental capacity." See also *Gray* v. *Batesville,* 74 Ark. 519. Whatever may be the rule in other jurisdictions, the above is the established doctrine of this court. It has good reason and authority to sustain it, and we therefore adhere to it. See other authorities cited in appellee's brief.

The judgment therefore is affirmed.