## Mary Flannagan, Appellee, v. City of Bloomington, Appellant.

1. TORTS—*what not defense to actions of.* Wrongful acts of the same kind and character by other persons are no defense to a person equally guilty.

2. TORTS—*liability of city for dumping of garbage.* If a city provides for the dumping of garbage at a particular place and it is there dumped to the injury of private property, the city is liable; and the defense of independent contractor does not lie.

Action in case. Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1909. Affirmed. Opinion filed May 28, 1910.

LOUIS FITZHENRY, for appellant.

M. A. BRENNAN, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by appellee against appellant in which she recovered damages against the appellant on a declaration charging appellant of depriving appellee of the comfortable use and enjoyment of her home, located in the city of Bloomington, by reason of the city, by its agents and employes, dumping and disposing of garbage and refuse matter, adjacent to her property.

The home of appellee consists of five lots. To the rear of her property is an alley and on the property lying immediately west of appellee's property and north of alley were premises used as a dumping ground upon which decayed fruit, vegetables, dead animals, refuse matter and garbage, collected from the streets and alleys of the city of Bloomington, were carted and dumped. Some of the cartmen and persons who used these premises as a dumping ground were employed by the city in the collection of garbage and refuse matter from the streets. The placing of this garbage and refuse matter upon these premises adjacent to and adjoining

the property of appellee caused foul air, gases and stenches to emanate therefrom which passed to, over and upon the premises of appellee and were so offensive and nauseating that at times it was necessary for appellee to keep her windows and doors closed or leave the premises. Complaint was made by appellee but no steps were taken to remedy the condition of affairs and this action is the result thereof.

Upon the trial below the jury awarded appellee a verdict for $500 on which judgment was rendered. This appeal is prosecuted to reverse that judgment.

The grounds urged for the reversal of the judgment are that the collection and removal of the refuse matter and garbage from the streets of the city of Bloomington is an exercise of the police power of the city and that the persons engaged by the city for doing this work, being employed by the city in the exercise of its police power, no liability exists as against the municipality; also on the ground that the city has provided an ordinance which prohibits any person from using any premises within the corporate limits of the city as a dumping ground.

The evidence in this case fully warranted the verdict of the jury.

There is no denial that persons in the employ of the city used these premises as a dumping ground for garbage and refuse matter but it is contended that other persons, not in the employ, also used these premises and dumped refuse and offensive matter thereon; that fact could in no way tend to relieve the city from the liability for the acts done by it or its servants, agents or employes. The doctrine is too well settled that wrongful acts of the same kind and character by other persons is no defense to a person equally guilty.

Upon the contention of appellant that this was an exercise of the police power for which there is no liability, in the case of City of Chicago v. Seben, 165 Ill. 371, the Supreme Court holds the contrary to appellant's contention; the court there uses this language:

"The powers of such corporations have also been divided into those which embrace governmental duties, such as are

delegated to the municipality by the legislature, and in the exercise of which the municipality is an agent of the State; and those powers which embrace *quasi* private or corporate duties, exercised for the advantage of the municipal locality and its inhabitants. Municipal corporations will not be held liable in damages for the manner in which they exercise, in good faith, their discretionary powers of a public, or legislative, or *quasi* judicial character. But they are liable to actions for damages when their duties cease to be judicial in their nature, and become ministerial. Official action is judicial where it is the result of judgment or discretion. Official duty is ministerial, when it is absolute, certain and imperative, involving merely the execution of a set task, and when the law which imposes it, prescribes and defines the time, mode and occasion of its performance with such certainty, that nothing remains for judgment or discretion. A corporation acts judicially, or exercises discretion, when it selects and adopts a plan in the making of public improvements, such as constructing sewers or drains; but as soon as it begins to carry out that plan, it acts ministerially, and is bound to see that the work is done in a reasonably safe and skillful manner."

Applying the doctrine there laid down, the determination by the council of the city of Bloomington as to how and in what manner the garbage and refuse matter might be removed from the streets, was for the determination of the city authorities but the selection of the place of the dumping ground and the dumping of the refuse matter in a place where it caused the injury or damage to another was an action for which the city became liable and it must exercise its duty of disposing of this garbage and refuse matter in such a manner as not to injure or expose others to danger and a failure to do so renders it liable.

The fact that the city provided an ordinance prohibiting the doing of the acts which it is complained of here were done, is no defense where the violation of the ordinance is permitted and committed by the servants and employes of the city; while there may be a penalty imposed upon a person

for violation of the ordinance, this does not relieve the city from any liability for its negligence and wrongful acts.

The fact that the city may have employed an independent contractor to remove the garbage and refuse matter from the streets and that he, under his contract, used this place as a dumping ground without authority or direction from the city so to do, cannot in any manner affect the liability of the city for his actions in carrying out a contract with the city in the execution of the power given the city to remove and dispose of garbage and refuse matter from the streets. The contractor was performing a ministerial duty in executing the contract to do this work and he was the agent of the city. The evidence discloses that the sanitary policeman employed by the city in the Health Department was informed of the condition which existed here and that the officers of the city knew the place was used for a dumping ground and the city cannot shield itself by showing it had contracted with another person or persons to do this work.

The verdict of the jury is warranted by the evidence and is not excessive in amount, and the judgment of the Circuit Court will be affirmed.

*Affirmed.*