### CUMMINGS v. LOBSITZ *et al.*

No. 2674.    Opinion Filed August 25, 1914.

(142 Pac. 993.)

1. **MUNICIPAL CORPORATIONS—Powers—Abatement of Nuisance.**
At common law a municipal corporation has the power to cause the abatement of public nuisances, and if it cannot otherwise be abated, to destroy the thing which constitutes the nuisance.

2. **SAME.** Not only has a municipal corporation the power, under the common law, to abate a public nuisance, but chapter 71, Comp. Laws 1909 (ch. 51, Rev. Laws 1910), gives the municipal corporation full power to abate public nuisances, and when it becomes necessary, it may remove or destroy the building which constitutes the nuisance, even though the nuisance consists in the building being in such a condition that it endangers the public safety or the safety of adjacent property.

3. **SAME—Action for Damages—Sufficiency of Evidence.** Evidence examined, and held to be sufficient to establish that the building was in fact a nuisance.

4. **SAME—Enforcement of Void Resolution—Liability.** No liability is created against a municipal corporation by acts of its officers, done under an unconstitutional or void resolution enacted in the exercise of governmental powers, and the fact that the council passed, and the street commissioner enforced, such void resolution does not make the city liable.

5. **SAME—Acts of Officers—Liability.** Where a street commissioner of a city of the first class removes a frame building which constitutes a public nuisance, he does not do so as the agent or representative of the municipality, but the act of such officer is in the interest of the public generally and for public purposes in the enforcement of the police regulations, and the abatement and removal of the frame building in the instant case by such street commissioner was an act which was essentially governmental in its character, and the municipality is immune from liability for the act of such officer in abating such nuisance.

6.    **APPEAL AND ERROR** — General Exception — Instructions. A general exception to a charge of the court, containing a great many distinct instructions, some of which are unobjectionable, is not available as error. Farquhar & Co. v. Sherman et al., 22 Okla. 17, 97 Pac. 565.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Noble County;*
*W. M. Bowles, Judge.*

Action by James J. Cummings against James Lobsitz and the City of Perry, a municipal corporation. Judgment for defendants, and plaintiff brings error. Affirmed.

In the year 1909 James J. Cummings, plaintiff in error, who was plaintiff below, owned a frame building on lot 11 in block B, in the city of Perry, Okla., and during the same year the city of Perry, a municipal corporation, removed said building. On February 16, 1910, the plaintiff instituted suit against the city of Perry, a municipal corporation, and James Lobsitz, to recover $550 damages for the willful, unlawful, and malicious removal of said building. James Lobsitz answered by general denial, and the city of Perry answered by general denial, and further alleged that the said building was located upon one of the principal business streets of the city of Perry, and that it was in an unsafe and dangerous condition, and by reason of such condition it was a public nuisance, and further answered that prior to the removal of said building the mayor and city council, after having fully investigated the condition of said building, passed a resolution declaring said building to be in an unsafe and dangerous condition, and provided in said resolution that if the owners, agents, or occupants of said building did not remove the same within fifteen days of the service of such notice, the street commissioner would remove the same. Issues were joined, the court instructed the jury to return a verdict in favor of James Lobsitz, one of the defendants, and gave general instructions as between Cummings and the city of Perry. A general exception was saved to these instructions. The evidence was overwhelming that the building was in an unsafe and dangerous condition, and the jury found according to such evidence.

*H. A. Johnson,* for plaintiff in error.

*Chas. R. Bostick* and *H. E. St. Clair,* for defendants in error.

Opinion by RITTENHOUSE, C. (after stating the facts as above). It is the duty of a municipal corporation to abate public nuisances, and it is well settled that a municipal corporation has, at common law, the power to cause the abatement of such nuisances, and if it cannot otherwise be abated, to destroy the thing which constitutes the nuisance. This authority has been given to municipal corporations from the earliest days of the common law down to the present time. Beach on Public Corporations, sec. 1022; *Baumgartner v. Hasty,* 100 Ind. 575, 50 Am. Rep. 830, and cases cited. Not only can municipal corporations summarily remove public nuisances under the common law, but chapter 71, Comp. Laws 1909 (ch. 51, Rev. Laws 1910), construed in *Ex parte Jones,* 4 Okla. Cr. 74, 109 Pac. 570, 31 L. R. A. (N. S.) 548, 140 Am. St. Rep. 655, enumerates what shall constitute a public nuisance, and provides that a nuisance shall consist in unlawfully doing an act or in omitting to perform a duty which either annoys, injures, or endangers the comfort, health, repose, and safety of the citizens, or unlawfully interferes with or tends to obstruct, or in any way renders unsafe and insecure, other persons in life or in the use of their property, and makes such nuisance public when it affects an entire community or any considerable number of persons, and provides that such nuisance may be abated by any public body or officer authorized by law or by individuals, and giving them the right to abate such nuisance by removal of the nuisance, or, if necessary, to destroy the thing which constitutes the nuisance. As has been said, under the common law, and also under chapter 71 (chapter 51), *supra,* a municipal corporation has full power to abate public nuisances, and when it becomes necessary it may remove or destroy the building which constitutes the nuisance, even though the nuisance consists in the building being in such condition that it endangers the public safety or the safety of adjacent property. *First Nat. Bank v. Sarlls,* 129 Ind. 209, 28 N. E. 434, 13 L. R. A. 481, 28 Am.

St. Rep. 185; *Harvey v. De Woody,* 18 Ark. 252; Joyce on Law of Nuisances, secs. 349, 352.

The question as to whether the frame structure was in fact a nuisance was submitted to the jury, not upon the theory that the finding of the city council was a final adjudication of the fact that the building was a nuisance, but upon the broad question as to whether the building was in fact a nuisance. The testimony shows that the frame building had been in bad condition for more than two years prior to the time it was removed; that it had caught fire several times just prior to the date of its removal; that the building was on one of the principal business streets, and was leaning about eighteen inches over the sidewalk; that the glass windows were out, and the doors were standing open; the front door twisted in such a manner that it could not be shut and the back door was off its hinges; that the floor was uneven and that the boards in the upper part of the building were decaying and in bad shape; and that the side wall against the adjoining building had decayed from dampness. These facts were testified to by several witnesses and were not denied, and the jury found, we think correctly, that the building was in fact a nuisance, and the city was justified in summarily removing the same.

The next contention is that the introduction of the resolution in evidence was prejudicial to the plaintiff, in that said resolution was void. Assuming, but not deciding, that the resolution was void, as contended by the plaintiff, the act of the commissioner in removing the building while in the exercise of his governmental functions under a void resolution would not render the city liable for his acts under such unconstitutional or void resolution. It is said in McQuillin, Municipal Corporations (4th Ed.) sec. 2640:

"No liability is created against a municipal corporation by acts of its officers done under an unconstitutional or void ordinance enacted in the exercise of governmental powers. * * * "

*Worley v. Town of Columbia,* 88 Mo. 106; *Trammell v. Town of Russellville,* 34 Ark. 105, 36 Am. Rep. 1; *Bond v. Town of Royston,* 130 Ga. 646, 61 S. E. 491, 18 L. R. A. (N. S.) 409, and note; *Bartlett v. City of Columbus,* 44 L. R. A. 795; *Easterly*

*v. Town of Irwin,* 99 Iowa, 694, 68 N. W. 919; *Simpson v. City of Whatcom,* 33 Wash. 392, 74 Pac. 577, 63 L. R. A. 815, 99 Am. St. Rep. 951; *City of Caldwell v. Prunelle,* 57 Kan. 511, 46 Pac. 949; *Taylor v. City of Owensboro,* 98 Ky. 271, 32 S. W. 948, 56 Am. St. Rep. 361; *Masters v. Village of Bowling Green* (C. C.) 101 Fed. 101; *Trescott v. City of Waterloo* (C. C.) 26 Fed. 592.

Independent of the questions hereinbefore decided, the street commissioner, in abating and removing the frame building which constituted the nuisance, was not acting as the agent or representative of the municipality in its corporate capacity, but was acting in the interest of the public generally and for public purposes in the enforcement of the police regulations. The abatement and removal of the frame building in the instant case by such street commissioner was an act which was essentially governmental in its character (McQuillin, Municipal Corporations [4th Ed.] sec. 2641), and as no liability is expressly declared by statute for such an act, the municipality would be immune from liability while its officers were exercising their governmental functions in the abatement of such nuisance. It was said in *City of Lawton v. Harkins,* 34 Okla. 545, 126 Pac. 727:

"The police regulations of a city are not made and enforced in the interest of the city in its corporate capacity, but in the interest of the public. A city is not liable, therefore, for the acts of its officers in attempting to enforce such regulations, and, further, because police officers can in no sense be regarded as servants or agents of the city. Their duties are of a public nature. Their appointment is devolved upon cities and towns by the Legislature as a convenient mode of exercising a function of government, but this does not render the cities and towns liable for their assaults, trespasses, or negligent acts."

A distinction is made between the liability of a municipal corporation for the acts of its officers in the exercise of powers which it possesses for public purposes and which it holds as agent of the state and those powers which embrace private or corporate duties and are exercised for the advantage of the municipality and its inhabitants. When the acts of its officers come within the powers which it has as agent of the state, it is exempt from

liability for its own acts and the acts of its officers; if the acts of the officer or agent of the city are for the special benefit of the corporation in its private or corporate interest, such officer is deemed the agent or servant of the city, but where the act is not in relation to a private or corporate interest of the municipality, but for the benefit of the public at large, such acts ·by the agents and servants are deemed to be acts by public or state officers, and for the public benefit. *Flannagan v. City of Bloomington*, 156 Ill. App. 162; *Tomlin v. Hildreth et al.*, 65 N. J. Law, 438, 47 Atl. 649; *City of Ysleta v. Babbitt*, 8 Tex. Civ. App. 432, 28 S. W. 702; *Franks v. Town of Holly Grove*, 93 Ark. 250, 124 S. W. 514; *Town of Laurel v. Blue*, 1 Ind. App. 128, 27 N. E. 301; *Clark v. Atlantic City* (C. C.) 180 Fed. 598.

It is next contended that the court improperly instructed the jury; but upon an examination of the record, we find that the court gave eleven instructions to the jury, and as plaintiff excepted generally to such instructions and some of those given were undoubtedly correct, the exception saved is not sufficient to present to this court the error complained of. *Glaser v. Glaser*, 13 Okla. 389, 74 Pac. 944, 75 Pac. 99; *Farquhar & Co., Ltd., v. Sherman et al.*, 22 Okla. 17, 97 Pac. 565; *Huff v. Territory of Oklahoma*, 15 Okla. 376, 85 Pac. 241; *Insurance Co. v. Davis*, 59 Kan. 521, 53 Pac. 856.

The cause should therefore be affirmed.

By the Court: It.is so ordered.