SILVA v. CITY COUNCIL OF CITY OF McALESTER et al.

No. 4259. Opinion Filed April 27, 1915.

(148 Pac. 150.)

1. MUNICIPAL CORPORATIONS—Acts of Officers—Liability of City—Enforcement of Fire Limit Regulations. Under the laws of this state, the police regulations of a city, including the adoption and maintaining of fire limits, are not made and enforced in the interest of the city in its corporate capacity, but in the interest of the public; and therefore a city is not liable for the

acts of its officers in attempting to enforce such regulations, including the wrongful removal and destruction of frame buildings claimed to be kept and maintained within such fire limits.

2.    INJUNCTION—Acts of Municipal Officers—Petition. A city not being liable for the wrongful acts of its officers in attempting to enforce the police regulations of such city; in order to obtain an injunction against the city council as such, and its city officers, restraining them from wrongfully and unlawfully removing and destroying frame buildings within the fire limits, it is not necessary to allege in the petition that the city is insolvent, but it is necessary to allege the insolvency of the individual officers, for the reason that they would be personally liable for such wrongful and unlawful destruction of property, and the owner. of the buildings so destroyed would have an adequate remedy at law against them for the damages sustained by him.

3.    DAMAGES—Measure—Destruction of Buildings. Ordinarily the measure of damages for the removal or destruction of buildings from real estate to which they are attached as a part thereof is what it would cost to replace them, not exceeding the value of the entire property, but if for any reason the buildings could not be replaced, the measure of damages would be the difference in the value of the entire property before and after the removal or destruction of the buildings.

(Syllabus by Robberts, C.)

*Error from Superior Court, Pittsburg, County;*

*W. C. Liedtke, Judge.*

Injunction by John Silva against the City Council of the City of McAlester and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*Guy L. Andrews,* for plaintiff in error.

ROBBERTS, C. The plaintiff filed his petition in the superior court of Pittsburg county, praying:

"That the city council of the city of McAlester, and B. A. Enloe, H. F. Schreiner, and Wallace Bond, its members, and H. F. Schreiner as commissioner of public works of said city, be restrained and enjoined from demolishing, destroying, and removing certain buildings belonging to plaintiff, or in any way authorizing any one else to do so."

The plaintiff's petition is as follows:

"That the city of McAlester is a city of the first class, in Pittsburg county, state of Oklahoma. That the defendants B. A. Enloe, Jr., H. F. Schreiner, and Wallace Bond constitute the city council of the city of McAlester, and H. F. Schreiner is the commissionef of public works of said city. That plaintiff is a resident of Pittsburg county, state of Oklahoma, and is owner and in possession by his tenants of lot 3, in block 350, in the city of McAlester, the same fronting north on Grand avenue, and about midway between First and Main streets. That there is located and standing on said lot two frame or wooden buildings, the property of this plaintiff. That said buildings are of the value of more than $500. That the defendants, the city council of the city of McAlester, and B. A. Enloe, Jr., H. F. Schreiner, and Wallace Bond, as members of the city council of the city of McAlester, and H. F. Schreiner as commissioner of public works of said city are, without right or authority, threatening and are about to forcibly enter upon said property and tear down, destroy, and remove said wooden buildings above mentioned, and unless restrained from so doing by this honorable court, the defendants will wrongfully and without right forcibly enter thereon and destroy and remove said buildings from said lot on which they are now standing. That the buildings are in the fire limits of McAlester, and, if destroyed, as is about to be done by defendants, the plaintiff will not be allowed to replace same by similar buildings. And plaintiff alleges that if said buildings are torn down, destroyed, and removed, it will occasion him irreparable injury, in that it will deprive him of his property, and the rents and profits arising from same, and that said damage would not be susceptible of measurement in a suit at law for the reason that the profits arising from the renting of said buildings could not be determined, and would be speculative and a continuing damage. And plaintiff further shows to the court that he is without any plain, adequate, and speedy remedy at law. Wherefore plaintiff prays that the defendants, the city council of the city of McAlester and B. A. Enloe, Jr., H. F. Schreiner, and Wallace Bond, its members, be restrained and enjoined from demolishing destroying, and removing the buildings aforesaid, or in any way authorizing any one else so to do, and that the said defendant H. F. Schreiner, as commissioner of public works of the city of McAlester, be restrained and enjoined from demolishing, destroying, and removing the

buildings aforesaid, or in any way authorizing any one else so to do. And for such further relief as to the court may seem equitable and just."

Attached to the petition is an affidavit of Charles Henry, who states, in substance, that he is—

"a carpenter and contractor of 28 years' experience; that he examined the buildings within six days before the filing of the petition; that they were built upon substantial wooden pillars, which stand upon stone footings; that said builidngs are solid and substantiol, and there is no possibility of them falling under ordinary circumstances. Said buildings are well ventilated and in a sanitary condition."

The affidavit is not marked as an exhibit to the petition, but appears to be in support of the allegations. A general demurrer to the petition was filed by defendants, charging that said petition does not state facts sufficient to entitle the plaintiff to the relief sought, which was sustained by the court and exceptions saved. Plaintiff declined to plead further, announced that he would stand on his petition, and brings error.

It is plain to be seen that the only question presented for consideration is, Are the allegations in the petition sufficient to entitle the plaintiff to the relief sought, and thereby did the lower court err in sustaining the demurrer to the plaintiff's petition? To determine this question it will be necessary to make a somewhat careful analysis of the language of the petition. There is no allegation in the petition that the officers named therein were acting, or threatening to act, under legal or proper authorization of the city council as such. There is no allegation that the city council had taken action of any kind, by serving notice on plaintiff, or in any way giving him an opportunity to be heard as to the right or authority of the city or the city council, or any other officer of the city, to enter upon and abate the buildings referred to. The petition alleges that the buildings are within the fire limits, but there is no allegation that the city of McAlester has an ordinance establishing fire limits there-

in, or providing for removal or abating buildings within the fire limits. There is no showing as to whether the buildings were erected on the premises before or after the adoption or fixing of the fire limits. The allegations are that the defendants, as officers of the city of McAlester—

"without authority of law are threatening and are about to forcibly enter upon said property and tear down, remove, and destroy said wooden buildings, and, unless restrained, they will wrongfully, without right, forcibly enter thereon, and forcibly remove and destroy said buildings and if destroyed, plaintiff will not be allowed to replace the same by similar buildings, and if said buildings are torn down, removed, and destroyed, it would cause plaintiff irreparable injury by depriving him of his property and the rents and profits of the same, and that said damages would not be susceptible of measurement in a suit at law for the reason that the profits arising from the renting of said buildings could not be determined, and would be speculative and continuing damage; and plaintiff is without adequate remedy at law."

There is no claim, so far as can be gathered from the petition that the defendants were proceeding to act for the benefit or the safety of the city, nor that other buildings were located in the neighborhood of plaintiff's buildings, thereby bringing them within the class of nuisances. There is no allegation that the defendants are insolvent and unable to respond in damages. According to the holdings of this court in *Cummings v. Lobsitz,* 42 Okla. 704, 142 Pac. 993, under the facts as they appear in this case, the city would not be liable for damages, and allegations of insolvency as to the city would be unnecessary.

"No liability is created against a municipal corporation by acts of its officers done under an unconstitutional or void ordinance enacted in the exercise of governmental powers." *McQuillan on Mun. Corp.* (4th Ed.) sec. 2640; *Worley v. Town of Columbia,* 88 Mo. 106; *Easterly v. Town of Irwin,* 99 Iowa, 694, 68 N. W. 919; *Caldwell v. Prunelle,* 57 Kan. 511, 46 Pac. 949.

In the case at bar there is no showing of even a void or unconstitutional ordinance pretending to authorize the defendants

in doing the acts of which they are charged. In passing upon this question this court in approval of 42 Okla. 708, 142 Pac. 995, *supra,* says:

"The police regulations of a city are not made and enforced in the interest of the city in its corporate capacity, but in the interests of the public. A city is not liable, therefore, for the acts of its officers in attempting to enforce such regulations, and, further, because police officers can in no sense be regarded as servants or agents of the city. Their duties are of a public nature. Their appointment is devolved upon cities and towns by the Legislature as a convenient mode of exercising a function of government, but this does not render the cities and towns liable for their assaults, trespasses, or negligent acts." (*City of Lawton v. Harkins,* 34 Okla. 545, 126 Pac. 727, 42 L. R. A. (N. S.) 69.)

Our court in passing upon this question uses the following language:

"A distinction is made between the liability of a municipal corporation for the acts of its officers in the exercise of powers which it possesses for public purposes and which it holds as agent of the state and those powers which embrace private or corporate duties and are exercised for the advantage of the municipality and its inhabitants. When the acts of its officers come within the powers which it has as agent of the state, it is exempt from liability for its own acts and the acts of its officers; if the acts of the officer or agent of the city are for the special benefit of the corporation in its private or corporate interest, such officer is deemed the agent or servant of the city, but where the act is not in relation to a private or corporate interest of the municipality, but for the benefit of the public at large, such acts by the agents and servants are deemed to be acts by public or state officers, and for the public benefit." *Cummings v. Lobsitz,* 42 Okla. 708, 142 Pac. 993; *Flannagan v. City of Bloomington,* 156 Ill. App. 162; *Franks v. Town of Holly Grove,* 93 Ark. 250, 124 S. W. 514, 137 Am. St. Rep. 86; *Clark v. Atlantic City,* (C. C.) 180 Fed. 598.

It certainly requires no argument to show that the acts of city officers in attempting to protect the city, and thereby its inhabitants, by establishing and maintaining fire limits are for the benefit of the people generally and not for the city corpora-

tion. A city is only liable when the officers act within the scope of their authority. *Wallace v. Norman*, 9 Okla. 339, 60 Pac. 108, 48 L. R. A. 620; *Marth v. Kingfisher*, 22 Okla. 602, 98 Pac. 436, 18 L. R. A. (N. S.) 1238.

The city not being liable, no allegations of its insolvency is necessary, but how as to the other defendants? By the demurrer they admit that they are threatening and are about to destroy the plaintiff's property, and by such admission, under the pleadings, they place themselves in the attitude of performing certain acts upon their own individual responsibility, without even a semblance of authority, or direction from the city. Such is the condition in which they are found and in which they have voluntarily placed themselves under the law and the issues in this case. Under such circumstances they assume the responsibility, and if permitted to carry out their threats, they would be personally liable for any damage done by them, and therefore the plaintiff has an adequate and legal remedy at law, whereby he could recover from them for any damages he might sustain by the destruction of his property. As stated before, there is no allegation in the petition that the defendants are insolvent.

In passing upon a case very similar to the case at bar, this court says:

"The threatened trespass sought to be enjoined cannot be shown to be irreparable, unless coupled with the allegations of the insolvency of the defendants, and the absence of it renders the complaint fatally defective." (*Bracken v. State et al.*, 20 Okla. 613, 616, 95 Pac. 236, 238.)

But defendant insists that he has no remedy at law for the reason that the damages would not be susceptible of measurement in a suit at law, for the reason that the profits arising from the renting of said buildings could not be determined and would be speculative and a continuing damage. This contention cannot be sustained for the reason that under the authorities the plaintiff weould have an adequate remedy at law. The same question was

before the Supreme Court of South Dakota, in which parties sought to enjoin city officers from abating buildings within the fire limits. In that case, the court in approval of a former decision in another case says:

"From the authorities it would seem that the threatened injury which the court of equity will enjoin is one going to the destruction of the substance of the estate, such as, extraction of ores from mines, cutting down trees—especially fruit and ornamental trees—or injury to a dwelling house or other occupied building, or where the trespass complained of is repeated and continued, and may occasion a multiplicity of suits to recover damages, and in certain other special cases, not necessary to mention. In the case at bar the injury threatened does not go to the destruction of the estate, and is not one calculated to give rise to a multiplicity of suits, and not one, as we have before stated, in which it would be impracticable to ascertain and prove the damages sustained, and is not one for which adequate compensation may not be recovered in an action at law. It is quite clear, therefore, that no case is presented for the interposition of a court of equity by injunctions." *Clark v. City of Deadwood et al.,* 22 S. D. 233, 237, 117 N. W. 131, 133, 18 L. R. A. (N. S.) 402; *Beatty v. Smith,* 14 S. D. 24, 84 N. W. 208.

Ordinarily the measure of damages for destroying and removing buildings from real estate to which they are attached as a part thereof is what it would cost to replace them, not exceeding the value of the entire property; but if for any reason the buildings cannot be replaced, the measure of damages is the difference in the value of the entire property before and after the removal or destruction of the buildings. *Enid & Anadarko Ry. Co. v. Wiler,* 14 Okla. 310, 78 Pac. 96; *Hartshorn v. Chaddock,* 135 N. Y. 117, 31 N. E. 997, 17 L. R. A. 426.

For the foregoing reasons, and especially because of the fact that the petition does not allege the insolvency of the defendants, we recommend that this case be affirmed.

By the Court: It is so ordered.