## CITY OF OKMULGEE v. FRENCH et al.

No. 28037.    March 22, 1938.

W. C. Alley, for plaintiff in error.

M. A. Dennis, for defendants in error.

BAYLESS, V. C. J. The city of Okmulgee, a municipal corporation, appeals to this court from a judgment of the superior court of Okmulgee county, based upon the verdict of a jury, in favor of Lula E. French and J. T. French.

The Frenches brought an action against the city and J. C. Rembert, county health officer, for damages for having destroyed a certain building located upon the real estate of the plaintiffs, and converting the material of said wrecked building. J. C. Rembert died before the trial of this action and is not involved in the appeal. The city's answer was a general denial.

The evidence discloses that the destroyed building was a small dwelling house which the owners rented. The house was vacant, and French testified that he found posted on the house a notice that it was unsanitary, and directing him to clean the place up. He testified that he cleaned up the premises. Shortly thereafter he went by the property and discovered two men in the process of demolishing the house, and it is admitted that they demolished the house and removed the material. When French inquired of the men of their authority to demolish this house, they referred him to Mr. DeVoy, who in turn referred him to Dr. J. C. Rembert, the county health of-ficer. It seems that from none of these parties, nor from any of the officials of the city, could Mr. French obtain any relief. He filed a claim with the city, which was disallowed. He filed the action upon the theory that the county health officer and the city acted jointly in demolishing the house. After Dr. Rembert's death the action proceeded against the city as one of the joint tort-feasors. The basis of French's action is that DeVoy, who was the city sanitary inspector, acted for the city in employing and directing the men in the demolition of the building. It is the contention of the Frenches that in so acting on behalf of the city DeVoy's action was in utter violation of their rights, and resulted in a damage to them.

At the close of the plaintiffs' evidence the city demurred upon the ground that the evidence was insufficient, and at the close of the case the city renewed this attack by moving for a directed verdict. In its brief it is argued that there is no evidence in the record to sustain the verdict against the city, because the parties who demolished and removed the building were not acting through or under the commands, or orders, of the city, or any of its authorized officers or agents. Upon a consideration of the record, we are of the opinion that this point is well taken and the judgment must be reversed.

At the outset we will say that the plaintiffs recognized the difficulty confronting them in sustaining the burden of proof which rested upon them. Virtually every witness offered by them was employed by, or was in some manner connected with, the city. It is but fair, however, to state that the trial court recognized this situation, and allowed the plaintiffs the widest liberty in examining these witnesses in order that they might, if possible, elicit the evidence necessary to sustain the cause of action. In our opinion the plaintiffs wholly failed in this effort, and in saying this we do not imply that the witnesses testified falsely.

Upon consideration of all of the testimony of the men who demolished the building, and of DeVoy, it is apparent that they were acting under the direction of Dr. Rembert, the county health officer. It is not contended that Dr. Rembert was a city official, or agent, or had the slightest warrant of authority to represent the city in this respect. Several of the city officials, including the mayor, and police commis-

sioner, who was charged with the enforcement of sanitary regulations in the city, testified for the city, and it is clear from their testimony that the city had not taken any steps to abate this nuisance. It is admitted that DeVoy was a sanitary inspector for the city, but his appointment came through an ordinance dealing wholly with the collection, removal, and disposal of garbage and like substances, and that such ordinance had no relation to the destruction of buildings in the interest of public health. DeVoy consistently testified that what he did was in pursuance of orders and directions of Dr. Rembert, and these he understood were authorized by the county attorney. The county attorney testified that he did prepare a notice for Dr. Rembert in connection with this property, but did nothing else. DeVoy is corroborated by all the other witnesses who had a part in the transaction, that Dr. Rembert was the moving spirit in the matter.

Under these circumstances we feel that the record discloses a complete lack of agency on the part of Rembert, or DeVoy, for the city in acting as they did. Without discussing the applicability of the rule of nonliability of a municipality for the authorized acts of its authorized agents in such instances as laid down in Cummings v. Lobsitz, 42 Okla. 704, 142 P. 993, and numerous cases since, it is obvious that a municipality cannot be held liable for the acts of persons not authorized, or directed by it, to do the particular act, and who do not even claim to be acting for it in doing the particular act.

*Judgment reversed.*

PHELPS, CORN, GIBSON, and HURST, JJ., concur.