## CITY OF SHAWNEE v. ROUSH.

No. 14344—Opinion Filed Dec. 11, 1923.

Rehearing Denied Feb. 12, 1924.

(Syllabus.)

1. **Appeal and Error—Findings of Jury—Conclusiveness.**

The findings of a jury upon questions of fact are conclusive where the evidence reasonably tends to support such findings. Evidence examined, and held, that the findings of the jury are reasonably supported by the evidence.

2. **Municipal Corporations — Powers—Liability for Torts.**

A city has two classes of powers—the one legislative, public, governmental, in the exercise of which it is a sovereignty and governs its people; the other proprietary, quasi private, conferred upon it, not for the purpose of governing its people, but for the private advantage of the inhabitants of the city and of the city itself as a legal personality; and if the power is substantially of the latter class, the city cannot escape liability for the careful performance thereof merely because it may in some general way also relate to a function of the government.

3. **Charities — Liability of Eleemosynary Institution for Negligence of Servant.**

There exists no reason in law for the courts to create an exemption of a person or association from liability for negligence of servant of such person or association merely because such servant is employed by such master in the operation of an institution for purposes other than profit or gain.

4. **Same—Liability of City Conducting Hospital.**

A paying patient in a hospital conducted by a municipality may recover damages for injury done her through the negligence of attending nurses administering to her during an operation.

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action for damages by Inez Roush against the City of Shawnee, a municipal corporation. Judgment for the plaintiff. Defendant appeals. Affirmed.

Ross & Thurman and Wyatt & Waldrep, for plaintiff in error.

Iris C. Saunders, for defendant in error.

KENNAMER, J. This is an appeal from a judgment of the superior court of Pottawatomie county in favor of the defendant in error and against the plaintiff in error for damages for personal injury in the sum of $10,495. The facts appear as follows:

The city of Shawnee maintains and operates, within its corporate limits, a hospital

for the care of the sick, accepting some charity patients, but all patients able to pay for their care and treatment are charged therefor. On or about the 12th day of December, 1921, the defendant in error entered the said hospital at an agreed weekly stipend, the same being the regular rate fixed and charged by said hospital, which sum was accepted by the persons in charge thereof for the care and treatment of the said defendant in error. During the period in which the defendant in error was in said hospital an operation was performed upon her for gall bladder, and at the conclusion of this operation a nurse employed by said hospital, as appears to be usual and customary, administered an enema to the defendant in error. It appears that the solution so administered was so hot as to severely burn and scald the defendant in error, and for the injuries sustained she brought suit against the city of Shawnee. To the petition, the city urged three main defenses, viz.: That there was no negligence in the administering of the enema; that if there was any negligence on the part of the nurse, same was done pursuant to the orders of the attending surgeon and the hospital would not be liable; and lastly, that even if the nurse was negligent in preparing and administering the enema, she was acting as the agent of the hospital, and that said hospital is not operated for gain or profit, but for governmental and charitable purposes. The cause was tried to a jury, resulting in a verdict for the amount in which judgment was rendered.

Neither of the first two objections, which are also urged upon this appeal, need be considered by the court, since the overwhelming weight of authority in this jurisdiction is to the effect that the question of negligence and liability are questions for the jury, and the finding of the jury will not be disturbed if it is reasonably supported by the evidence. It is so supported in this case.

The material questions of law, however, are as to the legal liability of the city of Shawnee, a municipal corporation, for the negligence of an employe of a hospital operated by it in its municipal capacity and not for profit or gain. It is contended by counsel for the plaintiff in error that this latter consideration operates to create an exemption from liability on the part of the city. This contention they support by citations of two lines of authority: The first, bearing upon the proposition of the hospital being conducted for governmental purposes, i. e., the protection of the public health of its citizens; and the second, that the hospital not being operated for profit or gain serves to bring it within the rule of exemption of

charitable or eleemosynary institutions for the torts of its servants.

In support of the first of these contentions, counsel have urged numerous cases, all bearing upon the liability of municipalities wherein were involved the operation of the police departments, fire departments, boards of health, and institutions such as pesthouses and detention hospitals. None of these do we consider decisive of the proposition before the court.

There is a marked distinction between the purposes for which a municipal corporation is created, both being in a sense governmental, but not in the sense of exemption from suit. One of these purposes is represented by such cases as are cited by counsel, while the other relates to such purposes where the municipality furnishes conveniences to its inhabitants for compensation, such as municipal water supply, municipal lighting plants, or municipal gas plants. This distinction was clearly emphasized by Sanborn, J., in the case of Illinois Trust & Savings Bank v. Arkansas City, 76 Fed. 271, 22 C. C. A. 171, 34 L. R. A. 518, wherein he said:

"A city has two classes of powers—the one legislative, public, governmental, in the exercise of which it is a sovereignty and governs its people; the other proprietary, quasi private, conferred upon it, not for the purpose of governing its people, but for the private advantage of the inhabitants of the city and of the city itself as a legal personality."

In the case of Fretz v. City of Edmond, 66 Okla. 262, 168 Pac. 800, this court quoted and approved the rule in the above federal case, and in the earlier cases of Oklahoma City v. Hill Bros., 6 Okla. 114, 50 Pac. 242, and Cummings v. Lobsitz, 42 Okla. 704, 142 Pac. 993, like doctrines were approved. Possibly the best enunciation of this, however, is contained in 15 Am. & Eng. Enc. of Law, at page 1114, as follows:

"So far as municipal corporations of any class, and however incorporated, exercise powers conferred on them for purposes essentially public—purposes pertaining to the administration of general laws made to enforce the general policy of the state—they should be deemed agencies of the state, and not subject to be sued for any act or omission occurring while in the exercise of such power. Unless by statute, the action be given in reference to such matters, they should stand as does sovereignty, whose agents they are, subject to be sued only when the state, by statute, declares they may be. In so far, however, as they exercise powers not of this character, voluntarily assumed—powers intended for the private advantage and benefit of the locality and its inhabitants

—there seems to be no sufficient reason why they should be relieved from that liability to suit and measure of actual damage to which an individual or private corporation exercising the same powers for purposes essentially private, would be liable."

And, as said by the learned Judge Hook, in the case of Denver v. Porter, 126 Fed. 288:

"But in almost all affairs of purely local concern, some indirect relation may be traced to matters of health, safety, or other matters of governmental cognizance. The test is not that of casual or incidental connection. If the duty in question is substantially one of local or corporate nature, the city cannot escape liability for its careful performance because it may in some general way also relate to a function of the government."

This, we believe, completely disposes of the proposition urged by counsel in this regard, and leaves for our consideration the sole question of whether the fact that the hospital is not operated for profit or gain and sometimes accepts charitable patients will exempt it from its prima facie liability from suit. That is decisively disposed of in the Alabama case of Tucker v. Mobile Infirmary Association, 68 South. 4, L. R. A. 1915D, 1167, wherein the court reviews the authorities and logically treats them to the end that it is impossible to now support any claim of exemption on the part of an eleemosynary institution or an institution operated for other than profit or gain, at least, as against the claim of a pay patient for negligence. In this case it was held:

"A paying patient in a hospital conducted without stock or profit, in which indigent patients are treated without cost, and the fees exacted from patients who can pay are used in promoting the work, may recover damages for injury done him through the negligence of an attending nurse."

We completely affirm the Alabama court in its conclusion, leaving the creation of exemptions of this sort to the legislative department of government, if it deems them expedient.

The evidence clearly shows that the defendant in error entered the hospital for care; that the physicians and surgeons were employed solely for the purposes of performing the operation; that the administering of the enema was an ordinary duty of the employes of the hospital and that it was prepared by the supervisor of the operating room of the hospital and administered by another employe of the hospital as a usual incident to her duties as a nurse and servant of the hospital. These facts will serve to distinguish any cases and dispose of any argument upon the proposition that the negligence was that of a servant of the surgeons rather than of the hospital. The test is, in our opinion, whether the nurse was acting in the scope of her employment in the business of her master and employer. The evidence here shows that she was so acting, and the jury so found.

For the reasons stated above, the judgment of the trial court is affirmed.

All the Justices concur.