## WHITESIDE v. JUNKINS et al.

No. 13144—Opinion Filed June 30, 1925.

### 1. Trial—Province of Court and Jury.

The determination of purely unmixed questions of law is exclusively the province of the court and unmixed questions of fact are exclusively the province of the jury.

### 2. Appeal and Error—Review—Conflicting Evidence—Verdict.

Where the evidence is conflicting, this court will not review the evidence for the purpose of ascertaining where the weight of the evidence lies, but if there is any evidence reasonably tending to support the verdict, it will not be set aside.

### 3. Same.

Where there is any competent evidence reasonably tending to support the verdict of a jury, the judgment will not be reversed on appeal.

(Syllabus by Ruth. C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Kay County; J. W. Bird, Judge.

Action by J. R. Whiteside against N. J. Junkins, Charles Ellison, and J. E. Wheeler. Judgment for the amounts tendered rendered for plaintiff, with costs taxed against plaintiff, and plaintiff appeals. Affirmed.

Bellatti & Brown, for plaintiff in error.

John S. Burger, for defendants in error.

Opinion by RUTH C. Plaintiff alleges in his petition that he operated a threshing outfit in Kay county, Okla., during the year 1919, and for that reason he had a route laid out for his outfit, and that one George Sanford and these defendants requested him to leave his regular route and come to their various farms and thresh their wheat and oats "at a price thereafter to be set by the plaintiff, which was to be the rate set for and to be paid by other parties along the regular route theretofore laid out by plaintiff." That the plaintiff left his regular route and went to the farms of George Sanford and these defendants and threshed for N. Junkins 1,541 bushels of wheat and 102 bushels of oats; for Charles Ellison, he threshed 1,694 bushels of wheat and 314 bushels of oats; for J. E. Wheeler, he threshed 996 bushels of wheat and 350 bushels of oats. That after threshing the wheat and oats for defendants he set the price at 30 cents for wheat and 15 cents for oats; that George Sanford and all his other customers paid him 30 cents and 15 cents, respectively, but the defendants refused to pay him at the rate he had set, and there was due him from N. Junkins, $477.60; from Charles Ellison, $555.30; from J. E. Wheeler, the sum of $342.30, for which he prays judgment, with interest from August 15, 1919, with costs.

It appears there was some agreement that, though these actions might be brought separately, they should be brought in one action, as the evidence in each case would be identical, and the judgment should be separate, and the defendants filed a joint and separate answer in which they allege they employed plaintiff to thresh their wheat and oats "for a bonus of $50 each,

cash in advance, and for the customary price for threshing in tthat community." That each of the defendants paid the plaintiff the $50 bonus, and admit the number of bushels threshed for each is as set forth in plaintiff's petition; that the contract was oral, and the customary price for threshing in their community at that time was 25 cents per bushel for wheat, and 12½ cents per bushel for oats.

N. Junkins, in a separate paragraph. sets forth that he worked for plaintiff four and one-half days at $5 per day, and is therefore entitled to a set-off in the sum of $22.-50, and there is now due the plaintiff from the defendants, separately, the following sums:

From N. Junkins, for 1541 bushels of wheat
   at 25 cts. per bu._____$385.25
     For 102 bushels of oats at 12½ cts,
      per bu. _____ 12.75
                                                   $398.00
      Less for labor of Junkins_____ 22.50
      Total due from Junkins_____$375.50
From Charles Ellison 1694 bu. wheat at 25
   cts. per bu._____$423.50
     304 bu. oats at 12½ cts. per. bu._____ 39.25
      Total due from Ellison_____$462.75
From J. E. Wheeler 966 bu. of wheat at 25
   cts. per. bu._____$241.50
     350 bu. of oats at 12½ cts. per bu.___ 43.75
      Total due from J. E. Wheeler. _____$285.25

Defendants allege that each defendant separately tendered the above amounts to the plaintiff prior to the institution of this action and now tender the same, and offer to confess judgment for these various amounts. Defendants also deny generally all the material allegations in the plaintiff's petition, except such as are specifically admitted.

The cause was tried to a jury, and three separate verdicts were returned for the plaintiff. in the amounts set forth in the defendants' answers, and the court taxed the costs against the plaintiff.

No question of law was raised in the trial court, and the cause presented only an unmixed question of fact.

Plaintiff admitted receiving the $50 bonus from each of the defendants, and that Junkins was entitled to $22.50 for labor.

The parties were agreed as to the number of bushels of grain threshed for each defendant, and the only question for the jury to determine was whether the agreement between the plaintiff and defendants was that plaintiff would set the price in the future, and charge the defendants what he should charge his other customers and what was paid by them, or that he would charge the customary rate in their neighborhood at

the time, and this was purely an unmixed question of fact, wholly within the province of the jury to determine. and citations of authorities is unnecessary.

Plaintiff testified that he told the defendants that he could not tell what price he could charge them until he had threshed a few days, but the bonus would not figure on part of that per bushel. That Sanford and his other customers paid 30 cents for wheat and 15 cents for oats per bushel.

Defendants all testified plaintiff agreed to thresh for the customary price in that neighborhood at that time, and the plaintiff had said, "You know I could not collect more than the customary price," and plaintiff further told them it would not be but two or three cents more than the 1918 price, but that plaintiff charged 12 cents per bushel more for wheat than the 1913 price and 2 1-2 cents per bushel more for oats than the 1918 price. That the 1918 price in that community was 23 to 25 cents for wheat and 12½ cents for oats, and the prevailing price in 1919 in that community was from 23 to 25 for wheat and 12½ cents for oats.

Defendants' testimony was corroborated by a number of witnesses as to the customary rate of threshing in 1919 in that community, and while some of the witnesses paid plaintiff 30 and 15 cents, respectively, they told plaintiff the rate was too high. but they nevertheless paid the price demanded. Other witnesses testified that they had paid threshermen in that community 23 and 25 cents, respectively, for threshing wheat and oats in 1919 and this was the prevailing or customary price. Plaintiff produced witnesses to prove that 35 and even 50 cents per bushel had been paid in that community for threshing wheat.

There was a sharp conflict in the testimony as to the prevailing or customary price for threshing grain in that community, but the jury was the sole judge of the weight of the testimony and the credibility of the witnesses.

"Where, in an action at law, the evidence is conflicting, this court will not review the evidence for the purpose of ascertaining where the weight of the evidence lies, but if there is any competent evidence reasonably tending to support the verdict it will not be set aside." St. Louis & S. F. Ry. Co. v. Rundell, 108 Okla. 132, 235 Pac. 491; Tulsa Entertainment Co. v. Greenless, 85 Okla. 113, 205 Pac. 179; Berquist v. Thomas, 86 Okla. 214, 207 Pac. 964; Smith v. Cornwell & Chowning Lumber Co., 101 Okla. 86, 223 Pac. 154; City of Shawnee v. Roush, 101 Okla. 60, 223 Pac. 354.

"Where there is any competent testimony that reasonably tends to support the verdict of the jury, the judgment based thereon will not be reversed on appeal." Rose v. Beller, 106 Okla. 143, 233 Pac. 454; Lowenstein v. Holmes, 40 Okla. 33, 133 Pac. 727; Iowa Dairy Separator Co. v. Sanders, 40 Okla. 656, 140 Pac. 406; School District No. 13, Latimer County, v. Ward, 40 Okla. 97, 136 Pac. 588; Smith v. Cornwell & Chowning Lumber Co., supra; City of Shaw-nee v. Roush, supra.

An examination of the record discloses there was competent testimony reasonably tending to support the verdict and the judgment based thereon, and the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 38 Cyc. p. 1511, 1512: 2 R. C. L. p. 194; 1 R. C. L. Supp. pp. 433-435; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79. (2) 4 C. J. 858, §2836. (3) 4 C. J. p. 853, §2834.