### CITY OF PAWHUSKA v. BLACK.

No. 16431—Opinion Filed Feb. 16, 1926.

Rehearing Denied March 30, 1926.

1. **Appeal and Error—Review—Verdict—Sufficiency of Evidence.**

A judgment of the court based upon the verdict of the jury, in a law action, will not be reversed on appeal if there is any competent evidence which reasonably tends to support it.

2. **Same—Amount of Damages for Personal Injury—Conclusiveness of Verdict.**

In an action for personal injury the jury

is charged with the duty to fix the amount of damages, and its verdict will not be set aside for excessive damages, unless it clearly appears that the jury committed some gross and palpable error or acted under some improper bias, influence, or prejudice, or has totally mistaken the rules of law by which the amount of damages is fixed.

## 3. Charities—Municipal Hospital—Liability to Pay Patient for Negligence of Nurse.

A paying patient in a hospital conducted by a municipal city may recover damages for injury done her through the negligence of attending nurses, employed by the hospital, administering to her during an operation and her confinement in the hospital.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by Eva Black against the City of Pawhuska. Judgment for plaintiff, and defendant brings error. Affirmed.

Wilson, Murphey & Duncan, for plaintiff in error.

E. A. Threadgill and Louis O. Fink, for defendant in error.

Opinion by JONES, C. This action was instituted by Eva Black, plaintiff, against the city of Pawhuska, Okla., defendant, in the district court of Osage county, Okla., to recover damages alleged to have been sustained by the plaintiff, by reason of the negligence and carelessness of the defendant, its agents, and employes. Upon the trial of the case to the court and jury, a verdict was returned by the jury in favor of the plaintiff and against the defendant for the sum of $5,000, and judgment was rendered by the court in accord therewith, from which judgment the appellant prosecutes this appeal, and sets forth various assignments of error.

The facts as disclosed by the record show that Mrs. Black lived near Pawhuska, in Osage county, Okla., and on July 26, 1923, she became seriously ill and was conveyed to the municipal hospital, which is owned and operated by the city of Pawhuska. Upon reaching the hospital plaintiff immediately underwent a major operation, an opening was made in the abdominal wall and into the cavity, and it was disclosed that she was suffering from a locked bowel, and that gangrene existed, and that it was necessary to remove a portion of the intestine. An operation was performed which is known in the medical profession as a resection. The immediate results of the operation seem to have been successful, but plaintiff alleges that by reason of the carelessness, negligence, and lack of skill, on the part of the nurses in charge of the hospital, and particularly in charge of this patient, she was permitted to drink water a few hours after the operation, and was given or served a meal, including green beans, a few days subsequent to the operation; that on each occasion she was made violently sick by reason of drinking the water and eating the beans, and that the attending physician found it necessary to reopen the incision, and discovered what appeared to be a bean within the abdominal cavity; that about two weeks later she was served with a salad, that caused her to be sick, and that by reason of this character of service and treatment she was caused to suffer great pain, and that the final results of the operation were not successful, in that she has never fully recovered and has never been able to perform her duties as a housewife, and that she is now in bad health as a result of the negligence of the defendant, its agents, and employes.

The defendant filed its answer, first, by way of general denial; second, that the city was exercising a governmental function, and therefore not liable; third, that it was a charitable institution; and fourth, it alleges contributory negligence.

The first error alleged is that the court committed error in overruling the demurrer of the defendant to plaintiff's petition, because a municipal corporation cannot be held liable for negligence in operating a hospital where same is being operated by the city in its governmental capacity. This question, we think, has been decided adversely to appellant's contention by this court in the case of the City of Shawnee v. Roush, 101 Okla. 60, 223 Pac. 354, wherein this court distinguishes between the exercise of a legislative or governmental power, and what is termed a proprietary or quasi private business engaged in by municipal corporations, and held that where a municipal corporation operates and maintains a hospital for compensation, that it is acting in a quasi private matter, and cannot avoid liability by reason of its municipal character.

In this case, there is no controversy but that the plaintiff, Mrs. Black, was charged and compensated the hospital for the services rendered her, and while some contention is made that the charge is only nominal, just sufficient to properly maintain the institution, we think unquestionably under the decision heretofore referred to that the appellant is liable.

The second point urged is that the court erred in striking paragraph 2 of defendant's answer, which in substance sets up the defense that the defendant was operating its municipal hospital in a governmental capacity, but we think the conclusions reached in dealing with the first proposition urged also decide this question, and no error was committed by reason of the fact that the court sustained a motion to strike that portion of the defendant's answer.

The third proposition urged is that the judgment is excessive and not supported by the evidence. The nature of this case, and the character of the injury complained of, renders it somewhat difficult of clear and conclusive proof; however, there is the evidence of a number of witnesses as to the general appearance and condition of the plaintiff prior to and subsequent to the operation, and the evidence of the attending physician supporting the allegation of damages in plaintiff's petition, which we regard as sufficient to sustain the verdict of the jury, and the judgment of the trial court based thereon, in finding that the plaintiff was injured and that same was the result of the negligence, carelessness and lack of skill on the part of the nurse in charge of the plaintiff at the hospital, and under the rule which has been repeatedly announced by this court:

"A judgment of the court based upon the verdict of the jury, in a law action, will not be reversed on appeal if there is any competent evidence which reasonably tends to support it."

We are not prepared to say that the judgment was excessive. The evidence substantially supports the allegations of plaintiff's petition, and shows that she has suffered much, and has never regained her former good health, and has at all times since her operation been unable to perform her household duties. In the case of Sand Springs Ry. Co. v. Westhafer, 92 Okla. 89, 218 Pac. 525, this court said:

"In an action for personal injury the jury is charged with the duty to fix the amount of damages, and its verdict will not be set aside for excessive damages unless it clearly appears that the jury committed some gross and palpable error, or acted under some improper bias, influence, or prejudice, or has totally mistaken the rules of law by which the amount of damages is fixed."

Appellant also complains of certain instructions given and requested instructions refused. We have carefully examined the instructions complained of and find no merit in this contention. The court fairly submitted the issues involved to the jury, and the instructions given cover every material issue involved in the case, hence it was not error for the court to refuse to give certain requested instructions, even though it be conceded that the instructions requested were proper, for the reason that the instructions given properly cover the phase of the case upon which the instructions were requested.

Appellant also complains of the introduction of certain evidence over its objections, wherein the plaintiff, Mrs. Black, was permitted to testify to certain statements made by Dr. Beard, the attending physician, in the presence of the nurse, the agent and employe of the defendant, the city of Pawhuska. She was also interrogated concerning statements made by Dr. Beard, when no one representing the defendant was present, but the objection in this instance was sustained, and the answer given by the witness was stricken on motion of the defendant. We think the testimony as to what the physician said in the presence of the nurse, and as testified to by an employe, was incompetent and inadmissible on the ground that it was hearsay, but since the physician testified in the case and reiterated the statements made by the witness as hearsay, the evidence given by the physician would be admissible and the hearsay evidence would be harmless.

It is true that plaintiff, in her petition, tendered an issue as to what the physician said, which involved the negligence of the nurse in not carrying out his instructions, and there was no motion to strike this part of the petition, and defendant joined issue by general denial in its answer, but the issue, thus joined, being immaterial, would not open the way for this hearsay evidence.

Finding no error which we deem sufficient to justify a reversal of this case, we are of the opinion that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note. — See under (1) 4 C. J. p. 853 §2834; 2 R. C. L. p. 193; 1 R. C. L. Supp. p. 432; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79. (2) 4 C. J. pp. 871, 872 § 2847. (3) 31 Cyc. p. 681. (4) 28 Cyc. p. 1299.