## CITY OF OKMULGEE v. CARLTON.

No. 27080.   May 18, 1937.

Rehearing Denied Sept. 28, 1937.

W. C. Alley, for plaintiff in error.

W. A. Barnett, for defendant in error.

CORN, J.   This is a personal injury action brought by the defendant in error. The parties will be designated as they appeared in the trial court.

On March 14, 1932, the plaintiff sustained serious personal injuries in an automobile accident.   Soon thereafter she was taken to the Okmulgee City Hospital for treatment, and upon entering this institution she employed Dr. M. B. Glismann as her physician, and was treated by him throughout the time she remained there.

After being discharged from the hospital she brought this suit, alleging that during the time she was confined in the hospital the defendant's agents and employees were negligent in not giving her proper attention, and said negligent treatment caused her extreme physical pain, mental anguish, and humiliation, and asked $10,000 damages by reason of this.

The case was tried upon the plaintiff's second amended petition, to which the defendant interposed a general demurrer, which the court overruled.   The defendant filed a verified answer in the form of a general denial, admitting its corporate existence, the plaintiff's injuries and stay in the hospital and treatment, but denying that plaintiff was caused pain, mental anguish, or humiliation by any negligence of the defendant's agents, servants, or employees; that the hospital was operated, at the time mentioned in the plaintiff's petition, for the care of the sick and to promote general health, and was not operated for profit, but as a governmental function. To this the plaintiff's reply was a general denial.   The defendant objected to taking any testimony in support of the plaintiff's second amended petition for the reason that it did not state a cause of action, but was overruled.   Upon trial of the cause the plaintiff had judgment for $2,500, from which the defendant appeals.

Sixteen assignments of error are made, but the defendant states that only such as show reversible error will be argued. The defendant submits two propositions, both of which, in the mind of this court, are contained in the 10th assignment of error, and both of which may be dealt with together.   The controlling question here is whether the operation of the hospital by the defendant was a governmental function or an exercise of proprietary power. If the former, the defendant is excused from liability, but if the latter, liability is established upon a proper showing of the facts constituting the acts or omissions complained of.

The basis of the defendant's argument is that the plaintiff alleged that the acts complained of were performed in the dis-

charge of a ministerial duty of the city, and that to recover she must prove this, the argument being that the plaintiff having failed to do this, the demurrer should have been sustained and judgment rendered for the defendant.

In support of its position the defendant cites numerous cases, most of which are from other states, although this court has announced the rule in the past. The defendant cites the case of City of Shawnee v. Roush, 101 Okla. 60, 223 P. 354, decided by this court in 1924, which in the 4th paragraph of the syllabus says:

"A paying patient in a hospital conducted by a municipality may recover damages for injury done her through the negligence of attending nurses administering to her during an operation."

Whereupon the defendant reasserts that to recover, the plaintiff must allege and prove that the acts were performed in the discharge of a ministerial function.

It is obvious that there is no express power conferred upon a municipal corporation to provide for free hospitalization, even though the helpless and the indigent are often cared for. For a municipal corporation to take steps to provide medical services and attention for those who request such services is, in effect, an entrance into the business of providing such services in competition with other similar, private agencies. When a city chooses to voluntarily assume and exercise powers intended for the private advantage and benefit of the locality and its inhabitants, there seems to be no good reason for absolving the city from the liability to a suit for damages to which an individual or private corporation, exercising the same powers for private purposes, would be liable. In respect to such business relations a municipal corporation must be held to the same standard of dealing that the law provides for individuals or corporations. A municipality acting for the private advantage of its citizens is not acting in its governmental capacity, but is performing a function usually committed to private corporations and individuals with whom it may come into competition.

From the nature of the instant case it is apparent to this court that such is the situation here. The defendant did verify its answer, which usually places the burden upon the plaintiff. But, in agreement with the plaintiff's statement, it seems that the defendant verified a statement asserted by it to be law, but a statement in conflict with the rule already announced by this court in the past.

The testimony on behalf of the plaintiff showed that the hospital in question was being operated by the agents and employees of the city, and this was in no way controverted by any evidence presented by the defendant at the trial.

The rule of this court, as announced in City of Shawnee v. Roush, supra, and again in City of Pawhuska v. Black, 117 Okla. 108, 244 P. 1114, distinguishes between the governmental functions of a municipality and the proprietary powers exercised by it. The rule definitely places the maintenance and operation of a hospital within the scope of this proprietary power, holding that "where a municipal corporation operates and maintains a hospital for compensation, it is acting in a quasi private manner, and cannot avoid liability by reason of its municipal character."

Finding no error upon which to justify a reversal, this court is of the opinion that the judgment of the trial court should be affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS, GIBSON, and HURST, JJ., concur. RILEY, BUSBY, and WELCH, JJ., absent.