## CITY OF SAND SPRINGS v. GRAY.

No. 27521.   Feb. 1, 1938.

Rehearing Denied March 15, 1938.

F. B. White and H. L. Smith, for plaintiff in error.

Louis W. Pratt, F. C. Swindell, and Floyd V. Freeman, for defendant in error.

CORN, J.   This action was begun by Eunice Gray, defendant in error, in the district court of Tulsa county, against the Monarch Cement Company, a private corporation, and the city of Sand Springs. Okla., a municipal corporation, plaintiff in error, to recover damages for personal injuries sustained from the negligent operation of the defendant city's fire truck. Hereafter the parties will be designated as they appeared in the trial court.

The petition alleged that the Monarch Cement Company caused the Sand Springs fire department to respond to a call to the plant, outside the city limits. Returning from this fire the driver negligently operated the fire truck and side-swiped the plain-

tiff's car, as a result of which she sustained the injuries for which she asks damages.

The defendants filed separate answers consisting of denials with a plea of contributory negligence. At the conclusion of the evidence the trial court sustained the cement company's motion for directed verdict, and there is no appeal from the trial court's action in this respect. The issues were then submitted to the jury and a verdict was rendered for the plaintiff for $1,000. Motion for new trial was overruled and the defendant now appeals, making ten assignments of error, which are condensed and argued under six propositions.

The first proposition is that the trial court erred in overruling a motion to quash service of summons; and in overruling a motion to make the plaintiff's petition more definite and certain.

The summons issued read "Eunice Gray, Plaintiff, v. Monarch Cement Company, a Corporation, and the City of Sand Springs, Defendants." The sheriff was directed to notify the city of Sand Springs that it had been sued and "That the above-named defendant must answer." One other reference was made to "the defendant," and it is upon this that the defendant bases its claim for reversal, urging that from the summons it is impossible to determine whether the Monarch Cement Company or the city of Sand Springs was referred to, the argument being that the body of the summons should have required a named defendant to answer.

Eunice Gray was named as plaintiff and both defendants were named, and the sheriff was directed to notify "the above-named defendant." The summons was directed to both parties defendant, and from consideration of the summons there could be no doubt that the city had been named as a defendant in a suit filed by one Eunice Gray.

Under section 166, O. S. 1931, which provides, in part, that:

"It shall be directed to the sheriff of the county, and command him to notify the defendant or defendants named therein, that he or they have been sued * * *"

—we hold that the summons in question was sufficient, there being substantial compliance with the statute, and that the trial court did not err in refusing to quash service of same merely because the body of the summons did not include the words requiring the sheriff to notify "the defendant city of Sand Springs" that it had been sued by "the plaintiff Eunice Gray."

The defendant cites the case of Hines, Director General of R. R. of U. S., v. Bacon, 86 Okla. 165, 207 P. 93, as authority that the summons in the instant case was so defective that the trial court erred in refusing to quash same. Consideration of that case shows it is not applicable to the facts in this case.

Objection is also made that the court erred in overruling the motion to make the plaintiff's petition more definite and certain regarding the alleged agreement between the cement company and the city of Sand Springs relative to the answering of fire calls to the company plant. There was a failure to set out the details of this agreement. However, the defendant had command of the means of knowing the terms of this agreement and plaintiff did not, and in our opinion the contention raised in regard to the alleged agreement is without merit.

Of the proposition submitted the next is of the greatest importance. The gist of the proposition is that the city of Sand Springs was either engaged in a governmental function for which it cannot be made liable in damages, or the acts of the firemen were ultra vires and the city could not be held liable.

Supporting this contention the defendant cites numerous authorities, all holding that a municipality is not to be held liable for the torts of its agents or officers committed in the performance of a governmental duty. This is conceded to be the general rule, and a rule which has been recognized and followed by this court in the past.

However, there is another well-established rule which must be recognized and considered. This is the rule that a municipal corporation is to be held liable for the negligent acts of its employees, agents, and officers when acting in matters pertaining to the proprietary interests of the municipality. It is well to note at this point that the petition alleged, and the evidence showed, that the fire department answered fire calls outside the city limits and charged those benefited for such service. While the testimony was that the fire department received no pay for this particular fire, this is of no bearing in view of the fact that a charge was made.

In this, as in other states, a distinction is made between liability of a municipal corporation for the acts of its agents or officers in the exercise of powers which are possessed for public purposes, and which are held as an agent of the state, and those powers which embrace private or corporate

250

duties which are solely for the advantage of the municipality.

This distinction is drawn upon the theory that when the acts of its officers come within the powers which the municipality holds as the agent of the state, it is exempt from liability for its acts and those of its agents or officers; but, if these acts are of such a nature as to be of special benefit to the municipality in its private or corporate interests, the officer is deemed an agent or servant and liability for such wrongful acts attaches as in the case of a private corporation. Silva v. City Council of McAlester, 46 Okla. 150, 148 P. 150.

This proposition is stated in 43 C. J. sec. 1711, p. 934, where it is said:

"But according to the weight of authority, where a municipality is acting upon matters within its general corporate powers, it will be liable for its acts, although they are done at an unauthorized place or in an unauthorized manner, or are otherwise in excess of such powers."

The basis of the rule contended for by the defendant is the principle that no liability attached to a sovereign state or any of its subdivisions in the exercise of any governmental function.

The more recent and better considered rule makes plain the line of demarcation, beyond which a municipality is not to be excused from liability. The test is based upon the nature of the duties with which they are charged. If for the general good of the public, they are considered as being strictly governmental, and in case of negligence in their discharge, no liability can attach. But, if they are duties which do not concern the public as a whole, but which are for the benefit of the municipality in its private or corporate capacity, then the municipality must stand ready to accept liability the same as any private individual or corporation.

The city elected to have a part-paid, part-volunteer fire department, possibly because such a department could function more economically. It cannot be said that the public as a whole was interested in the mode of operation, or that the interests of the public as to the public peace, health, and safety were best being served. But it is readily seen that the private interests of the city were best served by a fire department which could make calls outside the city limits and make a charge for services rendered.

We hold that where the wrongful act which causes the injury complained of is done by the agents or officers of a municipality in performance of an act done in behalf of the corporate or private interests of a municipality, the municipality is liable. The enforcement of such rule will induce a greater caution on the part of a municipality for the protection of the individual. See Cummings v. Lobsitz, 42 Okla. 704, 142 P. 993; Oklahoma City v. Foster, 118 Okla. 120, 247 P. 80; Oklahoma City v. Haggard, 170 Okla. 473, 41 P. (2d) 109; City of Okmulgee v. Carlton, 180 Okla. 605, 71 P. (2d) 722, and City of Shawnee v. Roush, 101 Okla. 60, 223 P. 354.

The third ground urged by the defendant for reversal is that the letters from the mayor to the chief of the fire department, giving authority to make fire runs outside the city limits, were not binding upon the city, and were irrelevant and prejudicial, because it was not shown that the mayor had any authority to give such directions.

It is settled that a municipality is not bound by the assent of one of the executive officers to a wrongful act of its agents or officers, and that the mayor could not bind the city by a letter purporting to delegate authority which the mayor had no authority from the council to grant, and which was not within the scope of his authority to grant.

While the admissibility of these letters might have been prejudicial had they been the only evidence introduced to show that the fire department was directed to operate outside the corporate limits, in view of the facts and circumstances showing this, and because of competent testimony showing this plan of operation to have been carried out in the past, we hold these letters to have been merely cumulative and their introduction was not prejudicial to the defendant.

The fourth proposition is based upon the claim that the court erred in permitting the jury to consider self-serving testimony of the plaintiff regarding her condition after the accident, relative to her inability to perform her household duties. We can see no merit in this contention, and consideration of the record reveals that at the trial no objection to this testimony was taken by the attorney for the city of Sand Springs. Therefore, objection to this part of the plaintiff's testimony cannot properly be raised at this time.

The defendant's fifth claim for reversal is based upon the trial court's refusal to grant certain requested instructions, which it is claimed were not covered in the instructions given. We have carefully ex-

amined the record as to the instructions requested and have compared them with those by which the court charged the jury. Mere failure to use the language used by the defendant in the requested instructions is certainly not grounds for reversal when the instructions given properly charge the jury as to the law to be applied to the evidence

In view of the propositions heretofore discussed, there is no merit to the defendant's sixth proposition, that the trial court erred in overruling the motion for new trial and rendering judgment on the verdict.

Judgment of the trial court affirmed.

BAYLESS. V. C. J., and RILEY, PHELPS, and DAVISON, JJ., concur.