## SISTERS OF THE SORROWFUL MOTHER v. ZEIDLER, Adm'r.

No. 27780.    June 7, 1938.

Rehearing Denied Sept. 13, 1938.

Application for Leave to File Second Petition for Rehearing Denied Oct. 4, 1938.

H. F. Aby and T. Austin Gavin, for plaintiff in error.

A. F. Moss and H. R. Young, for defendant in error.

CORN, J.   This is an action to recover damages for the alleged wrongful death of Bertha Garrett.   The action is prosecuted by and in the name of Carl F. Zeidler, administrator of the estate of said deceased.

Plaintiff's petition alleges, among other things, that the defendant, Sisters of the Sorrowful Mother, is a private corporation, duly and legally incorporated under the laws of the state of Wisconsin and registered in Oklahoma as a hospital, and that it is now, and was prior to August 1, 1934,

operating for profit under the name of St. John's Hospital at Tulsa.

That on August 1, 1934, the said Bertha Garrett, being then in a delirious condition, of which defendant had knowledge, was admitted to said hospital as a paying patient for care and treatment, and that while in such delirious and irrational condition and incapable of caring for herself, the servants, agents, and employees in charge of her, and having knowledge of her said condition, allowed her to remain in her room unguarded and unattended, and while so left alone and in said condition the said Bertha Garrett jumped or fell from the second story window of her room in said hospital to the ground, causing fatal injuries which resulted in her death within 20 days from that date. That by reason of the negligence of the defendant, its servants, agents, and employees as aforesaid, which resulted directly and proximately in the death of the said Bertha Garrett, her husband and children and the plaintiff, as administrator of the estate of the said Bertha Garrett, have been damaged in the sum of $40,000 on plaintiff's first cause of action, and the further sum of $10,000 on the second cause of action for mental and physical pain and anguish suffered by said deceased.

The defendant denied that it was a corporation conducted for profit, but, to the contrary, was an eleemosynary institution receiving payment only from those patients able to pay. The defendant also denied any negligence in the case and disclaimed any obligation to prevent said patient from jumping or falling from the window of the hospital, in the absence of any knowledge of any tendency of said patient to do what she actually did.

The trial resulted in a verdict for the plaintiff and against the defendant in the sum of $3,000 on the first cause of action and the sum of $500 in the second cause of action.

The paramount question presented by the appeal is: Whether a charitable corporation operating a hospital is liable for personal injuries to a paying patient caused by the negligence of a servant, agent, or employee of such corporation.

The plaintiff in error cites and discusses a number of decisions from other jurisdictions holding that such institutions are not liable for injuries to patients caused by the negligence of its servants, agents, or employees, without distinction between paying and charity patients, and insists that that rule prevails in a great majority of the states. Supporting this view the Supreme Court of Arizona in the case of Southern Methodist Hospital and Sanatorium of Tucson v. Wilson, 46 P.2d 118, gives a very extensive review of the cases on the question, citations of which may be found in said case, and need not be cited or quoted here.

The defendant in error contends for the rule that a paying patient in such hospital may recover damages for injuries sustained through the negligence of its servants, agents, or employees, and insists that this court is committed to this rule, citing City of Shawnee v. Roush, 101 Okla. 60, 223 P. 354, which quotes with approval from the Alabama case of Tucker v. Mobile Infirmary Association, 68 So. 4, L. R. A. 1915D, 1167, as follows:

"A paying patient in a hospital conducted without stock or profit, in which indigent patients are treated without cost, and the fees exacted from patients who can pay are used in promoting the work, may recover damages for injury done him through the negligence of an attending nurse."

We cannot accept the doctrine that charitable or eleemosynary hospitals should be exempted from liability to paying patients for injuries caused by the negligence of the servants, agents, or employees of such hospitals. Such doctrine is repugnant and shocking to a sense of fairness and justice to the victim of what may aptly be termed protected negligence. We have held in a number of cases that a municipal hospital, which is not operated for profit, but as a public benefit, is liable to paying patients for injuries sustained by reason of the negligence of the servants, agents, or employees of such hospital. City of Shawnee v. Roush, supra; City of Pawhuska v. Black, 117 Okla. 108, 244 P. 1114; City of Okmulgee v. Carlton, 180 Okla. 605, 71 P.2d 722.

In the Roush Case, supra, we said:

"We completely affirm the Alabama court in its conclusions, leaving the creation of exemptions of this sort to the legislative department of government, if it deems them expedient."

In the next proposition the plaintiff in error contends that the corporation is not chargeable with the consequences of the self-inflicted injuries of said patient when they did not know, or in the exercise of ordinary prudence could not have known, of her suicidal tendencies.

'The foregoing proposition involves questions of fact for the jury, and considerable testimony was adduced at the trial of the cause bearing upon these questions of fact. It is a well-settled rule that the findings of a jury upon questions of fact are conclusive where the evidence reasonably tends to support such findings. An examination of the record reveals the findings of the jury are reasonably supported by the evidence upon these questions of fact, and also upon the question of whether the deceased was a pay or charity patient.

The judgment of the trial court is affirmed.

BAYLESS, V. C. J., and RILEY, PHELPS, and GIBSON, JJ., concur.