## EXCHANGE NAT. BANK OF TULSA
## v. LYONS.

No. 28954.    Feb. 7, 1939.

Jos. L. Hull, James E. Bush, John L. Norman, and Cochran & Noble, for plaintiff in error.

H. S. Samples, for defendant in error.

RILEY, J.  This is an appeal from order sustaining a motion to quash, set aside, and hold for naught the summons and purported service thereof in an action commenced in the district court of Okmulgee county by plaintiff in error against defendant in error to obtain judgment upon a foreign judgment purporting to have been obtained by said bank against said defendant in the state of New York.

Hereinafter the parties will be referred to as plaintiff and defendant, as in the district court.

The summons, otherwise regular, commanded the sheriff to notify James G. Lyons that he had been sued by the "Exchange National Bank of Tulsa. * * *"

The service, as shown by the original return, appeared to have been made in the state of Oklahoma, county of Tulsa, instead of in the county of Okmulgee.

Defendant appeared specially and moved the court to quash, set aside, and hold for naught the summons and purported service thereof.  Pending hearing on said motion, plaintiff appears to have asked and obtained leave of court to amend said return so as to make it speak the truth and show service in Okmulgee county.

Thereafter the motion to quash came on for hearing, and the court sustained the motion upon the ground that said summons was not issued in accordance with law "in that the same did not identify the plaintiff named therein, to wit, the Exchange National Bank of Tulsa, as a corporation or partnership or otherwise, and did not state in what state or nation same was located."

Plaintiff gave notice of intention to appeal and has appealed from said order.

Four assignments of error are set out in the petition in error, but they all go to the single question, whether there was error in the order setting aside the summons and service thereof.

Section 166, O. S. 1931, title 12, sec. 153, Okla. Stat. Ann., requires that the summons shall be directed to the sheriff and command him to notify the defendant or defendants named therein that he or they have been sued and must answer the petition filed by the plaintiff, giving his name, etc.

The general rule is that the name of the corporate plaintiff, if the plaintiff be a corporation, should be correctly set out in the process.  But all that is required by section 166, supra, is that the summons shall give the name of the plaintiff.  It does not require that the plaintiff be described.  In this case the summons named the plaintiff as the "Exchange National Bank of Tulsa".  This is a substantial, if not literal, compliance with the statute.

Substantially the same question was presented in German Insurance Co. v. Frederick (Neb.) 77 N. W. 1106.  It was there held that the summons need not describe the defendant named as a corporation or partnership.  The same rule is announced in Snyder v. Phila. Co. of West Va. (W. Va.) 63 L. R. A. 896, wherein numerous cases are cited in support of the rule.  In City of Sand Springs v. Gray, 182 Okla. 248, 77 P.2d 56, it is held that the summons which named one of the defendants as the city of Sand Springs, without stating whether it was a municipal corporation or unincorporated, was in substantial compliance with the statute.

Furthermore it may be stated that if the trial court deemed the summons defective, it was within its power, under section 251, O. S. 1931, title 12, sec. 317, Okla. Stats. Ann., to amend the summons.  Citizens Nat. Bk. v. Wiswell, 88 Okla. 194, 212 P. 583.

It is urged that defendant is entitled to

know by whom he is sued. That is true, but if it should develop that he was being sued by an Exchange National Bank of Tulsa other than the one, if any, which had obtained a judgment against him in New York, that would have been a complete defense.

There was no substantial merit in the motion to quash, and it was error to sustain the same.

The order is reversed and the cause is remanded, with directions to overrule the motion.

BAYLESS, C. J., WELCH, V. C. J., and OSBORN, GIBSON, HURST, DAVISON, and DANNER, JJ., concur. CORN, J., absent.