[Civil No. 4466.   Filed October 26, 1942.]

[130 Pac. (2d) 40.]

FRANCIS WILLIAM HEAD PAAR, Appellant, v.
CITY OF PRESCOTT, ARIZONA, a Municipal
Corporation, Appellee.

Messrs. Cox & Cox, Mr. Herbert Watson, and Mr.
Wm. H. Chester, for Appellant.

Mr. E. C. Locklear, for Appellee.

LOCKWOOD, C. J.—Francis William Head Paar brought suit against City of Prescott, a municipal corporation, defendant, for the reasonable value of the use by defendant of a certain private water system belonging to Paar. Hereafter we shall use the word plaintiff as referring both to him and his predecessor in interest unless it is specifically stated otherwise.

Defendant answered, pleading in bar (a) adverse possession of the water system in question, (b) that the action was for conversion and barred by the statutes of limitations, and (c) that the indebtedness set forth in the cause of action was not evidenced by a contract in writing, and was, therefore, barred by the statutes of limitations. Defendant then answered and admitted that the water system described in the complaint was connected with the water mains of defendant, with the consent of the latter, and that it had installed numerous meters at the premises of individual users of water along said water system, with the knowledge and approval of plaintiff, and had collected from such water users water charges for water delivered by defendant to them through the water system of plaintiff at a rate twice that charged water users within defendant's city limits, and retained said water rentals so collected for its own use.

The case came to trial before the court with a jury, but during the progress of the case it was agreed that the jury would be discharged and the case submitted to the court, which agreement was carried out and the trial continued before the court without a jury. Judgment was rendered for defendant, whereupon this appeal was taken.

There is practically no dispute as to the facts shown by the evidence, and they may be stated as follows: Before the inception of this suit plaintiff's predecessor in interest, his father William Paar, had laid out sev-

eral additions to the city of Prescott. For the purposes of this case we shall call the combined additions the Mile High Addition. Certain portions of this addition by 1927 had been sold to private individuals, but the larger portion was still held by William Paar. The water supplies for this addition being insufficient, William Paar laid out and installed a private water system, beginning at the city limits where the water system owned by defendant ended, and extending through the Mile High Addition. He had previously applied for permission to connect said private water system with defendant's water system, so that defendant could and would furnish the water required to supply residents of the Mile High Addition. This permission was granted and plaintiff's water system was laid out under the supervision of the city engineer of defendant so as to conform with the general type of defendant's water system. This private system contained many thousand feet of pipe of various sizes, together with their necessary fittings, and the evidence shows that the reasonable cost thereof was approximately $12,500. Connection with defendant's water system was made approximately in November, 1927, and from that time water was delivered by defendant to the various consumers. During the progress of the work negotiations had been had in regard to how and where the water to be delivered by defendant should be metered, but no definite oral nor written contract in regard to the matter was ever entered into. The connection was made under the supervision of defendant's engineer, but no meter was installed at this point, and from then on the private consumers were metered and their rentals collected by defendant. In 1928 William Paar, the then owner of the private system, applied to defendant requesting that the city purchase his water system, and this matter was discussed from time to time but no formal action was ever taken thereon. The system was thereafter sold by

William Paar to his son Francis William Head Paar. In September, 1938, plaintiff made demand on defendant for $7,500, being the reasonable value of the use of his water system for ten years, which demand was refused, and on October 28, 1938, the present action was filed.

It is the position of plaintiff (a) that when a municipal corporation, in exercising its proprietary functions, uses the private property of another, and there is no agreement, express or implied, that the use is to be gratuitous, the corporation should pay for the reasonable value of the use thereof; (b) that such municipal corporation, when it has profited by such use, should both in law and equity make restitution therefor; and (c) that the defendant, having been unjustly enriched by the use of the property, became a constructive trustee for the original owner of the property, and that the statutes of limitations, therefore, do not commence to run until after demand made and refused for restitution.

Defendant urges (1) that there can be no implied contract in *quantum meruit* when the governing body of defendant has refused to make a contract on the subject, and (2) that there could be no recovery in *quantum meruit* when there is no contract, express or implied, between the parties for the use of the facilities in question.

It is admitted by both parties that plaintiff invested some $12,500 in the installation of the private water system in question; that defendant agreed that he might connect this system with its municipal water system and that the latter would furnish water through plaintiff's system to the consumers in the Mile High Addition. It is also admitted that there was never any express agreement made as to the terms on which the water should be furnished, although there had been considerable discussion in regard to it. It is not dis-

puted that practically from the completion of plaintiff's water system, defendant took over the delivery of water, the installation of consumers' meters, and the collection of water rates from the individual consumers, and during the period involved herein collected more than $20,000 gross revenue therefrom. It is also undisputed that in 1928 plaintiff attempted to dispose of his water system to defendant, but that the latter refused to purchase it but continued delivering water and collecting rentals thereafter.

If defendant were a private party, and not a municipal corporation, we think the better rule is that plaintiff would be allowed to recover the reasonable value of the use of his property by defendant. *Moore* v. *Western Meat Co.*, 16 N. M. 107, 113 Pac. 827; *Carpenter* v. *United States*, 17 Wall. 489, 21 L. Ed. 680. And when a municipal corporation, acting in its proprietary capacity, makes the same use of the property of another, we see no reason why it is not liable in the same manner, notwithstanding the fact that there had been no express contract between the parties, either oral or written, in regard to the use of the property or the amount to be paid therefor. *County of Greenlee* v. *Webster*, 30 Ariz. 245, 246 Pac. 543; *Tolleson Union H. S. Dist.* v. *Kincaid*, 53 Ariz. 60, 85 Pac. (2d) 708.

It would be unjust enrichment to allow defendant to retain the $20,000 collected by the use of plaintiff's property without paying a reasonable compensation for the use thereof. Restatement Restitution, chap. 1, par. 1.

We have applied this general principle in the very recent case of *State* v. *Martin, ante,* p. 438, 130 Pac. (2d) 48, as against the state itself, and if this be true as against the state acting in a governmental capacity, much more is it true as against a municipality acting in a proprietary capacity. We hold, therefore, that on

the whole record defendant was indebted to plaintiff for the reasonable value of the use of the latter's water system, and there is no dispute in the evidence that this was $750 per year.

But may plaintiff recover the full amount in the present action? Defendant sets up the various statutes of limitations against the claim. Plaintiff urges that defendant, in the collection of water rentals, was a constructive trustee for him, and that none of the statutes of limitations, therefore, began to run until defendant repudiated any obligation in 1938.

If plaintiff had sued for the total net amount by which defendant had been unjustly enriched through the collection of water rentals, it might be there would be merit in his position. He decided, however, rather to allow defendant to retain the money and sued only for the reasonable value of the use of the property. We think under these circumstances the situation is governed by section 29–203, Arizona Code 1939. Since the indebtedness was a continuing and accruing one, this would limit plaintiff's recovery to the amount of the rental due at the rate of $750 per year for the three years immediately preceding the filing of the action.

The judgment of the superior court of Yavapai county is reversed and the case remanded for further proceedings in accordance with the opinions expressed herein.

McALISTER and ROSS, JJ., concur.