**WICHITA FINANCE & THRIFT COMPANY, a corporation, Plaintiff,**

v.

**CITY OF LAWTON, Oklahoma, a municipal corporation, Defendant.**

Civ. No. 6148.

United States District Court
W. D. Oklahoma.
Feb. 21, 1955.

John Barry, La Jolla, Cal., John W. Tyree, Lawton, Okl., Wm. F. Collins, Jr., Arthur Leach, Fletcher Riley, Oklahoma City, Okl., for plaintiff.

Logan, Godlove & Cummins, Lawton, Okl., for defendant.

CHANDLER, District Judge.

Action for the cost of construction and installation of water mains within and adjacent to the corporate limits of the defendant City of Lawton, or the return of the property.

Plaintiff, a Kansas Corporation, is the owner of the property and claims upon which it brought suit. It seeks to recover from the defendant City the value of the cost of construction and installation of water lines laid by developers of housing projects, both within and adjacent to the City at its request, constructed in accordance with its specifications and under its supervision, with a promise by said City to pay the developers the cost of installation by purchase or rental contract, providing for payment of $1 per month per tap until such costs were paid. The defendant City entered into a number of such rental contracts. They are similar to those entered into by other large Oklahoma municipalities. The City respected these contracts until January, 1952, when the Mayor was advised by an official of the Housing and Home Financing Agency, a Federal Agency, at Fort Worth, Texas, that no further grants would be made by that Agency to the City of Lawton if it continued to pay the developers. A part of the water mains involved in this action were covered by such contracts. The defendant City operates its water system as a private utility, the revenue therefrom being placed in a separate fund out of which all expenses of operation are paid. Each fiscal year a large surplus is transferred to the City's general fund. The water mains involved in this action were constructed and installed at a cost of $82,761.44. All such water mains were accepted by the defendant City, connected to, and made a part of its water system. On December 9, 1952, the governing body of the City advised the developers that the City would neither pay the costs of installing the various water main systems or return possession of them to the developers. Since that time, the water mains have been in the exclusive possession of said City. The developers delivered possession of them to the City in reliance upon its promise to purchase or pay the cost of installing said water mains.

■ The plats dedicated the streets shown thereon to the public and made reservations for utility easements. These dedications were made under the provisions of the last portion of 11 O.S. 1941 § 515. The water lines were installed in the easements. The dedications did not pass title to the gas, electric, telephone, or water lines so laid and they remained the property of the party who so installed them. Oklahoma Ry. Co. v. City of Guthrie, 175 Okl. 40, 52 P. 2d 18; Langston City v. Gustin, 191 Okl.

93, 127 P.2d 197. The fact that some of the additions in which water mains were installed by the developers were taken into the City did not destroy such ownership, since at the time of the annexation the City and the developers agreed that the developers owned the lines. Cleveland Electric Ry. Co. v. City of Cleveland, 204 U.S. 116, 27 S.Ct. 202, 51 L.Ed. 399.

■■ In the operation of its water system as a private utility, the defendant City had the same contractual rights and liabilities as a private corporation and is liable in tort for conversion of personal property where such conversion is authorized or ratified by it. City of Pawhuska v. Pawhuska Oil & Gas Co., 118 Okl. 201, 248 P. 336; State ex rel. Woods v. Cole, 178 Okl. 567, 63 P.2d 730; City of Okmulgee v. Carlton, 180 Okl. 605, 71 P.2d 722.

These water lines are personal property. Both the developers and the City of Lawton understood, agreed, and dealt with them as such. Garvin County v. Lindsay Bridge Co., 32 Okl. 784, 124 P. 324; Incorporated Town of Pittsburgh v. Cochrane, 195 Okl. 593, 159 P.2d 534.

■ The rental contracts provided for payment to the developers out of the money received from the sale of water through the connections made with the water mains installed by the developers. Baker v. Carter, 165 Okl. 116, 25 P.2d 747; Application of Oklahoma Turnpike Authority, 203 Okl. 335, 221 P.2d 795; Rogers v. Oklahoma City, 45 Okl. 269, 145 P. 357. Even if such rental contracts were construed to create a present indebtedness, the defendant City had ample funds for its discharge in the utility fund. On December 9, 1952, the City had in its utility fund sufficient money to pay the entire cost of the lines involved in this action. Such lease contracts were not made in violation of Section 26, Article 10 of the Constitution of Oklahoma. Field v. Stroube, 103 Ky. 114, 44 S.W. 363, 365; McQuillin, Municipal Corporation, 3rd Edition, No. 41.20. Constitutional and statutory debt limitations do not apply to "involuntary" obligations of a municipality imposed through tort liability. City of Muskogee v. Turner, 186 Okl. 459, 98 P.2d 1095; City of Okmulgee v. Carlton, 180 Okl. 605, 71 P.2d 722.

■ When the City asserted hostile ownership of the water mains, denied the developers' rights and interest in them, and refused to surrender possession or recognize the right of possession in the developers, it committed an act of conversion which gave the developers the right to recover the lines by an action in replevin or in conversion for the value of such lines. The wrongful action of the City gave it no rights, and it did not thereby acquire title to or the lawful right to continue to use the lines. It could not take private property for public use without compensation. Fifth Amendment to the Constitution of the United States; United States v. Lee, 106 U.S. 196, 1 S.Ct. 240, 27 L.Ed. 171; 53 Am.Jur. 44; Magic City Steel & Metal Corporation v. Mitchell, Okl., 265 P.2d 473, 474.

■ The obligation to do justice rests upon all alike, and where a municipality takes personal property of another without authority of law, the courts will require restitution or compensation. Busch-Sulzer Bros. Diesel Engine Co. v. City of Walters, 10 Cir., 133 F.2d 65; Fairbanks Morse & Co. v. City of Wagoner, 10 Cir., 86 F.2d 288; Paar v. City of Prescott, 59 Ariz. 497, 130 P.2d 40; Scott County, Ark., v. Advance-Rumley Thresher Co., 8 Cir., 288 F. 739, 36 A.L.R. 939; Brownell v. City of St. Petersburg, Fla., 5 Cir., 128 F.2d 721.

The City of Lawton is now supplying a great number of persons with water through the water mains involved in this action and delivery of the mains to the developers would result in great injury to these persons.

■■ The mains are now, and have been since December 9, 1952, an integral part of the water system of the defendant City. It has paid nothing for these lines, and has thereby been unjustly enriched, and must answer in damages for

their wrongful conversion. The detriment caused by the wrongful conversion of personal property is presumed to be the value of the property at the time of the conversion, with interest from that date. The value of these water mains on December 9, 1952, was in excess of their cost, but since it was the understanding and agreement that the developers were to be paid the "cost" instead of the value, the cost figure will be the basis of recovery. The plaintiff is entitled to judgment against the defendant City for the sum of $82,761.44 with interest thereon at 6 percent per annum from December 9, 1952.